JUDGE HARDIN
delivered the opinion op the court.
This appeal is from a judgment dismissing the petition of the appellants, in which they sought, as the descendants of Phoebe Larue, deceased, a partition of a tract of six thousand two hundred and fifty acres of land, patented to Isaac Larue, sr., in 1795, and to be admitted to the possession of an interest therein which they claimed by descent from their mother, who, they alleged, was “one of the heirs” of Isaac Larue, “owning one fourth of one twelfth as such heir, but by some a/ncient arra/ngement of the land of Isaac La/rue she became entitled to one moiety of the whole land contained im, the patent referred to.” They also alleged the intermarriage of their said mother with their father, James Larue, in 1801 or 1802, and that he was entitled to an estate in the land as a tenant by the curtesy; and the petition contained the further averments, “that upon the records of the Hardin County Court they find a record, a copy of which is here filed, marked R, purporting to be a conveyance from their father, James Larue, and their mother, Phoebe Larue, to Thomas Neill and George Rust of aD undivided moiety of said six thousand two hundred and fifty acre survey, but in which their father, James Larue, only conveyed his right as heir of Isaac Larue; and said deed professes to convey their mother’s undivided moiety of said land. They allege that said paper does not pass the title of their said mother, but the same is now in them. Yet the defendants have entered on said land, and are now holding the same under said paper, and under no other title as to said *52 moiety.” They alleged that James Larue survived his wife, and died in 1859, only about one year before the institution of this suit.
The defendants controverted the averments of the petition importing title in Phoebe Larue, and denied that they entered and held under the deed to Neill and Rust, or that it passed any title or was ever accepted, and they claimed the lands held by them respectively under the patent to Isaac Larue, and an elder patent to Jacob Myers, through various intermediate conveyances, and partly by descent from Larue, and by possessory right.
The cause was heard and decided upon the pleadings and record evidence exhibited. But after the submission the plaintiffs’ counsel moved the court to set the hearing aside to allow him to prove a fact, then just discovered by him, conducing to' show an acceptance by Neill of the deed to himself and Rust; and whether the court abused its discretion in overruling this motion is the first question to be decided by this court.
It is obvious that if the newly-discovered evidence would have been available at all, it must have been as operating to estop the defendants from denying the title of Phosbe Larue; but in the absence of any more satisfactory evidence of the alleged holding of the defendants under said deed, we do not perceive that its acceptance by Neill, if proved, would have had that effect. It is not necessary therefore to consider whether there was not a want of diligence in failing to discover a fact which seems to have been apparent from an indorsement upon the record of the deed itself. There was no error in overruling the motion.
It is insisted for the appellants that although the relationship of Phoebe Larue to Isaac Larue was not alleged or proved, and her title was expressly denied by the defendants, yet as it was alleged in the petition, and not admitted or denied by the defense, that she was “one of the heirs” of the *53 patentee, and as it was not controverted that some of the defendants held under the heirs of Isaac Larue through Neill and others, and it does not appear that they acquired the interest of Phcebe Larue and her husband in any other mode than through their deed to Neill and Rust, they must now, since the termination of such estate as James Larue had, be regarded as holding the land as the coparceners of the plaintiffs, and subject to their right to a partition.
But we are of opinion not only that the plaintiffs have failed to manifest their right to any recovery by any sufficient evidence of title, but that the petition is fatally defective, so far at least as it purports to allege the derivation of title by Phcebe Larue by inheritance from Isaac Larue — the averment that she was one of his heirs being but a conclusion of law, as this court has repeatedly decided in effect in passing upon the competency of evidence adduced to prove heirship. (Banks v. Johnson, 4 J. J. Marsh. 649; Currie, &c. v. Fowler, 5 J. J. Marsh. 145.)
Wherefore the judgment is affirmed.