W. A. HERREL *v.* J. O. PORTER, ET AL.

**Pleading—Adverse Possession of Coal Lands.**

> The statement in a pleading that the pleaders are the heirs of a named person, is but a conclusion. The pleaders should aver the death of the ancestor and their relation to him, so that the court may determine whether they are heirs or not.

**Adverse Possession.**

> Where the surface of land is owned by one party and the coal beneath by another, mere possession by the surface owner is not adverse to the owner of the coal, unless there be some right asserted by the surface owner of such a character as to warrant the presumption that it was known or should have been known by those owning the coal.

APPEAL FROM BUTLER CIRCUIT COURT.

December 16, 1874.

OPINION BY JUDGE COFER:

The appellees allege that they are heirs of V. M. Porter, but this is a mere conclusion of law. *Lame, et al, v. Hays, et al.,* 7 Bush 50, and authorities there cited. But the petition also contains an allegation that they are the owners of the coal reservation sued for, and if it had stopped there, it would have been good.

But reference is made in the petition to a deed from Work and Porter to Martin, for the land under which the coal is situated, and this deed being made a part of the petition, and the reservation of the coal therein made being the foundation of the appellees' claim, it appears from the petition that the title to the coal was then in Work and Porter. Having shown this, the petition, to be good, should have shown how the appellees became invested with the title thus shown to have been in Work and V. M. Porter, and having failed to show this, or to attempt to do so except by the allegation that the appellees are heirs of V. M. Porter, the petition is insufficient. They should have alleged Porter's death and the relation they bore to him, and then the court could have decided whether, as matter of law,

they were heirs of V. M. Porter. Failing in this, the petition is fatally defective.

If Martin sold and conveyed the land without reserving the coal, as was done in his deed from Work and Porter, and his vendees, immediate and remote, entered on the land under deeds purporting to convey the whole estate in it, and held and claimed it for fifteen years adversely to all others, the statute of limitations presents a bar to the right of the appellees, unless they are within some of the savings in the statute. But as appellant owned the surface, and others seem to have owned the underlying coal, his possession was not adverse to the owners of the coal until, by some open and notorious act, he manifested his intention to claim the whole estate in the land. If he entered under a deed purporting to convey the whole estate in the land, and put it upon record, this was such an act as would ordinarily be prima facie evidence of an intention to claim the whole, and his possession would thence forward be adverse to the owners of the coal. But the mere possession and claim of the surface was amicable, until some act done indicating an intention not to hold amicably; and an act to be effectual for that purpose must have been of such character as would warrant the presumption that it was known, or should have been known by those owning the coal. There is nothing in this record from which an adverse holding can be inferred, but both parties should be allowed to amend their pleadings if they offer to do so within a reasonable time, and to make further preparation.

The appellee, Elvis Porter, does not seem to be a party in the caption to the petition, and is not, therefore, a party to the suit.

Judgment *reversed* and cause remanded for further proceedings not inconsistent with this opinion.

*B. L. D. Guffy, John L. Scott, for appellant.*
*M. J. Porter, for appellee.*