ROBERT BERKELY, ET AL *v.* LONNA STEWART, ET AL.

[Abstract Kentucky Law Reporter, Vol. 5—609, as Berkley v. Slavart.]

**Descent of Property.**

Where a person dies intestate, not leaving surviving him a father, mother, brothers or sisters or their descendants, and the property came to him by inheritance from his mother, his property will descend to his maternal grandfather and grandmother equally if both

are living and to the survivor if either is dead, and if both are dead to their descendants.

**Pleading Conclusions.**

An allegation that plaintiffs are the heirs-at-law of a person named is not sufficient, being a mere legal conclusion.

### APPEAL FROM CRITTENDEN CIRCUIT COURT.

January 29, 1884.

OPINION BY JUDGE LEWIS:

In 1868 Rowland, by deed duly executed and recorded, conveyed a tract of land in Crittenden county containing one hundred thirty acres to Mary C. Hayden, then the wife of Joel H. Hayden, the consideration expressed being $700, of which $500 were paid and $200 to be paid by Mary C. ayden, for which a note was executed.

In June, 1873, Mary C. Hayden died, followed soon after by her husband, who died in October of the same year. Mary C. Hayden left only one child and heir, Polly, but Joel H. Hayden had by his first wife three children, two of them daughters, married, and one son nineteen years old, when the deed was made to Mary C. Hayden. In 1876 Polly Hayden died intestate and before arriving at twenty-one years of age.

This action was brought by appellants, who allege in their petition that they are the brother and sisters and children of a deceased sister of Mary C. Hayden, deceased, and as such the heirs at law of Polly Hayden, deceased, and entitled to the land under Gen. Stat. 1883, ch. 31, § 9. The original defendant to the action was appellant, Robert Berkely, who married two of the daughters of Joel Hayden by his first wife, and has possession of the land. But at a subsequent stage of the proceedings all the heirs-at-law of Joel Hayden, deceased, were made defendants and filed their answer, resisting recovery by the plaintiff in the action.

Upon the death of Polly Hayden, without issue, the land descended by operation of Gen. Stat. 1883, ch. 31, §§ 1 and 9, to her maternal grandfather and grandmother equally, if both were living; but if one was dead, then the entire moiety descended to the survivor of them. Appellants, as the maternal uncles and aunts of Polly Hayden, and their descendants, are entitled to the land, if at all, only in case of the death of both her maternal grandparents.

Therefore, in order to maintain this action it was necessary for the plaintiffs to both allege and, if denied, prove that the maternal grandparents of Polly Hayden were dead when the action was commenced.

As has been repeatedly decided by this court the allegation that the plaintiffs are the heirs-at-law of Polly Hayden is not sufficient, being a mere conclusion of law. *Larue v. Hays,* 7 Bush (Ky.) 50.

It not being either alleged or proved that the grandparents were dead, plaintiffs did not manifest a right in themselves to maintain the action. The judgment therefore must be *reversed.* But upon the return of the case the court may permit the appellees to amend their pleading allowing, if it can be properly done, such facts as entitle them to recover.

*L. H. James, C. Bennett, W. Lindsay, for appellants.*

*Blue & Finley for appellees.*

[Cited, *Montgomery v. White,* 10 Ky. L. 905, 11 S. W. 10; *Temple v. Brittan,* 11 Ky. L. 467, 12 S. W. 306.]