Newburger v. Adams.

Case 6—PETITION EQUITY—September 19.

# Newburger v. Adams.

APPEAL FROM LOUISVILLE LAW AND EQUITY COURT.

1. A Contract for the Sale of Land, like any other contract, will
not be enforced at the instance of either party, unless it is binding on
both parties.

2. Statute of Frauds—Delivery of Writing.—It is essential to the
validity of such a contract that a writing evidencing the contract
should be delivered by the vendor to the vendee or to some one for
him. Therefore, neither a parol acceptance by the vendor of a writ-
ten proposition from the vendee to purchase, nor a written acceptance
which the vendor has never delivered to the vendee, will entitle the
vendor to enforce the contract.

Defendant delivered to plaintiff a written proposition to purchase a
lot of ground owned by plaintiff, offering to pay therefor $3,200—$1,000
in cash, balance in equal payments of one, two and three years. Upon
this writing plaintiff made and signed this indorsement: "I will
accept the $3,200 for the above described property—$1,000 in cash
and the balance in equal payments of one and two years." In his
petition seeking to enforce the alleged contract, plaintiff alleged that
this change in time of payment was agreed to by both parties and
that a deed was to be made and the notes executed in accordance
therewith. Held—That the petition is defective in failing to allege a
delivery to defendant of his written offer upon which was indorsed
plaintiff's acceptance.

3. Same—Parol Change as to Time of Payment.—Where a writing
evidencing the contract, signed by the vendor, has been delivered by
him to the vendee, a change as to the time of payment, although in
parol, will be enforced, as it is not necessary that the vendee's promise
to pay should be in writing.

ABBOTT & RUTLEDGE for appellant.

1. The question whether or not the facts alleged show the existence of a
*written* contract or agreement, such as is required under the statute, is
properly raised by demurrer. (Smith v. Theobald, 86 Ky., 144.)

2. The court will not enforce a parol contract for the sale of land.
(Thomas' Ex'rs v. Trustees of Harrodsburg, 3 Mar., 299; Holtzclaw
v. Blackaby, 9 Bush, 41.)

3. The contract must be proved by the writing, and parol proof of any
change or modification is incompetent. (Wardell v. Williams, 4
Am. St. Rep., 817.)

Newburger v. Adams.

4. The verbal acceptance of a written proposition does not constitute a contract in writing. The acceptance must be in writing. (Lanty v. McLaughlin, 14 Minn., 73.).

5. While the consideration need not be expressed in the writing, yet if the writing shows that the parties have not come to an agreement as to the consideration, it is not the memorandum of a contract, and can not be enforced. (Waterman on Specific Performance, sec. 234.)

6. The contract must be mutual in order to render it binding on either party. (Usher's Ex'r v. Flood, 83 Ky., 556; Dean v. Cassiday, 11 Ky. Law Rep., 105.)

7. As appellee's counter proposition was never delivered to appellant, it is not binding on him.

B. F. CAMP FOR APPELLEE.

There was in writing an offer to purchase the land, and an acceptance in writing to sell it. The only question left open was as to the time of payments and interest. These are matters relating to the consideration and may be proved by parol. (Camp v. Moreman, 84 Ky., 636.)

JUDGE PRYOR DELIVERED THE OPINION OF THE COURT.

The petition filed in the court below seeks to enforce a contract of sale of certain real estate in the city of Louisville.

The question arises from the action of the court in overruling a general demurrer to the petition, and if the statements of the plaintiff show the contract to be within the statute of frauds, the demurrer should have been sustained.

The entire doctrine as recognized and settled by this court on this subject is found in the case of Usher's Ex'rs. v. Flood, reported in 83 Ky., 552, where it is held that such a contract must be mutual and binding on both parties, else it will not be enforced. If, therefore, the contract is binding on Adams, the vendor (and appellee), it must be held binding on the appellant. The owner and vendor, Adams, is seeking to compel Newburger, the vendee, to accept the title, but, as said in the brief of counsel, mu-

tuality being the essence of a contract, if not binding on the plaintiff, the defendant is under no obligation to comply.

On the 8th of June, 1889, the defendant, J. L. Newburger, made a written proposition to O. S. Kline & Co., agents of Adams, to purchase the house and lot, as follows:

"O. S. Kline & Co., agents for W. P. Adams: I, the undersigned, do hereby offer and agree to pay you thirty-two hundred dollars for thirty feet of ground on south side of Madison street, and between Eighth and Ninth streets, of Louisville, Ky. (house No. 824), said ground and improvements being the same conveyed to you by ————, for which I agree to pay one thousand dollars cash, balance in equal payments of one, two and three years.     Signed,                    J. L. NEWBURGER."

This writing was received by Adams, and on it he made this indorsement:

"I will accept the $3,200 for the above described property—$1,000 in cash and the balance in equal payments of one and two years.     Signed,     W. P. ADAMS."

It is alleged "this change in the payments was agreed to by both parties, and that a deed was to be made and the notes executed in accordance therewith; that a deed was made, examined and approved by the defendant, and the notes executed but not delivered; that the plaintiff tendered the deed and demanded the cash payment and the delivery of the notes, but the defendant refused to accept the deed or deliver the notes."

The trouble in this case, it seems to us, is the failure to allege that the writing upon which the proposition of purchase was made by the defendant and the indorsement

of an acceptance by the plaintiff changing the time of payment was ever delivered to the defendant, or to any one authorized to receive it for him. The appellee held the bond for title as well as the deed, and the appellant had no written evidence of any sale by the defendant to him of the realty in question. It is not averred that it was held by Kline & Co. as the agents of the defendant, or any act of the latter touching the sale, except his parol promise to comply with its terms.

If the appellant had sued Adams to enforce the contract, he could have responded that the writing had never been delivered, either to the defendant or to any one for him, and a mere parol promise to deliver would not, upon such a state of facts, be enforced. If, on the other hand, the writing had been delivered to the defendant upon his (the defendant's) promise to pay the money as alleged, that part of the agreement consenting merely to a change as to the time of payment, although in parol, would have been enforced. It would have been a bond for title delivered by the vendor to the vendee, and the latter's promise to pay, whether in parol or in writing, could have been enforced. As it now appears the obligation to comply is on the defendant alone. The plaintiff has the contract in his pocket and tenders a deed upon a mere parol promise to pay. It presents a case where the vendor, although executing a bond for title, retains it and then asks to enforce its terms. The delivery to the vendee is, in such a case, essential in order to perfect the agreement, and without it the contract is not complete.

Again, by the terms of the written acceptance, the deferred payments were to be made in one and two years from the day of sale, and no interest should have been

charged the vendee until the payments matured, even if the facts alleged authorized the relief.

For these reasons the judgment below is reversed and remanded with directions to sustain the demurrer, and for proceedings consistent with this opinion.