## Combs, et al. v. Cardwell.

(Decided May 6, 1915.)

## Appeal from Breathitt Circuit Court.

1. Pleading—Amendment After Judgment.—After a final judgment in an action, it is too late for either party, or a stranger to it, to file pleadings.

2. Pleading—Conclusions.—Where parties in their pleadings make the bare statement that they are "heirs" to one-tenth of the estate, and do not state any other facts which in law make them "heirs," or entitle them to share as distributees, the allegation is but a conclusion.

3. Pleading—Presumption.—Where a writing is essential to the validity of a transaction, the pleading should show the fact, and if the facts alleged do not show a writing, the presumption will be that the transfer was by parol.

ADAMS & HOLLIDAY for appellant, Combs.

E. B. THOMPSON for appellant, Continental Realty Co.

McGUIRE & McGUIRE for appellee.

OPINION OF THE COURT BY JUDGE NUNN—Affirming.

This appeal is taken from a judgment of the lower court refusing appellants permission to intervene and file answers in garnishment proceedings which had gone to judgment at a former term. The answers tendered by appellants did not set up any of the grounds enumerated in Section 518 of the code, whereby a judgment may be vacated or modified after the expiration of the term at which it was rendered.

The controversy arises from the following facts: In 1894, the appellee, Cardwell, recovered a judgment against Breck Combs, one of the appellants. Some payments were made on the judgment, but in 1908, Cardwell caused an execution to issue and placed it in the hands of the sheriff, who returned it "no property

found." In 1912, Cardwell filed a petition in equity against Breck Combs and the Continental Realty Company, another of the appellants. He alleged that the realty company was indebted to Combs in a sum more than sufficient to pay his debt, and prayed that the realty company be required to answer, as garnishee. Although served with summons, Breck Combs did not answer. The answer of the realty company admitted that it owed the estate of W. M. Combs, deceased, a sum greater than the Cardwell debt, and that Breck Combs was the executor of the estate of W. M. Combs, deceased, and one of the heirs.

"It says that there is no money or property in its hands belonging to said Breck Combs in any sum or amount, unless it be by reason of said Breck Combs being entitled to said money which it has in its hands belonging to the estate of William M. Combs."

It then averred a willingness to pay into court out of said fund in its hands any amount which the court might adjudge as belonging to Breck Combs. A few days later, October 24th, 1912, Cardwell filed an amended petition in which he averred that there were 10 heirs of the estate of W. M. Combs, deceased, and that Breck Combs was one of them; that Breck Combs had purchased the interests of all of the heirs except one, making him the owner of nine-tenths of the estate. He further alleged that since the garnishee filed its answer, Breck Combs, as executor, had recovered judgment for $1,700 against the realty company, and that Breck Combs was the owner, in his own right, of nine-tenths of the judgment. He prayed that a sufficient amount of the money in the hands of the realty company be applied to the payment of his debt. The realty company admitted, by an amended answer, that it held the sum of $1,700 belonging to the estate of William M. Combs, deceased. This was twice as much as the Cardwell debt. No issue was made with Cardwell on the other allegations, and Breck Combs failing to answer it was adjudged at the June term, 1913, that the realty company pay the Cardwell debt and take credit on the sum it owed Breck Combs as executor.

The realty company failed to perform the judgment or pay any part of the money. In February, 1914, Cardwell served notice on the realty company and Combs that he would move to have the case redocketed and ask

for a rule against the realty company to show cause why it had not performed the judgment of the court. Breck Combs then filed an affidavit stating that when summons was first served upon him he employed a regular practicing attorney to file an answer and set up the same state of facts as contained in the answer which he tendered with his affidavit; that he relied upon the attorney to file the answer, and believed he had done so; that he did not know to the contrary or that any judgment had been taken in the Cardwell suit until he was notified of the motion to redocket. The first and second paragraphs of his answer consisted of a denial of the original pleadings filed by Cardwell, and the realty company, except his indebtedness to Cardwell. The third paragraph admits that he was at one time the owner of nine of the ten shares of the estate of William M. Combs, deceased, but says "that a long time before the filing of plaintiff's (Cardwell) petition * * * herein, he sold and disposed of all of his interest in and to the estate * * * and has not since owned any interest therein, but that all of said estate is due and payable by him as executor of said estate to the other heirs of said decedent, and to decedent's widow, Arminta Combs, and to Susan Combs, to whom he sold all of his interest therein long before the beginning of this suit."

It is admitted in the record that the Susan Combs referred to is the wife of the appellant, Breck Combs. Carl, Charlie, Grover and William Smith, and Arminta Combs and Susan Combs join in a separate answer and say, except Susan Combs, they are "heirs" of William M. Combs, deceased, "and entitled to inherit their distributable share of his estate." They say they have not sold or conveyed their share and it is still due them from Breck Combs. He is referred to as executor, and again as administrator. The amount due each is then set up, and in this way it appears that "Susan Combs is owner, by purchase, of nine-tenths of the distributable estate of said William Combs."

The court sustained Cardwell's objection to the filing of these answers, and redocketed the case, and awarded execution against the realty company on the judgment entered at the former term of court.

While the property rights of the interveners who were not parties to the original action are not affected by the judgment, yet their right to file pleadings in this

action was terminated when the judgment was rendered. After a final judgment in a case, it is too late for either party to the action, or a stranger to it, to file pleadings. Meadows v. Golf, 90 Ky., 540.

The Smiths make the bare statement that they are "heirs" to one-tenth of the estate of William M. Combs, deceased. They do not say that they are children or grandchildren, or state any other facts which in law would make them "heirs" or entitle them to share as distributees. This allegation is but a conclusion. Langston v. Edwards, 21 Ky. L. R., 1277, 54 S. W., 833; Fate v. Orr's Ass., 8 Ky. L. R., 349; LaRue v. Hays, 7 Bush, 50; Daly v. O'Brien, 29 Ky. L. R., 811, 96 S. W., 521; Toler v. Toler, 33 Ky. L. R., 594, 110 S. W., 388.

The answers show that Breck Combs, at one time, owned nine-tenths of the estate, but it is claimed that he sold all of his interest to his wife, Susan M. Combs, before Cardwell brought this suit. There is no pretense of a consideration, or that the sale was either written, acknowledged or recorded. Where a writing is essential to the validity of a transaction, the pleading should show the fact. Section 2128 of the Kentucky Statutes says that such a transfer between a husband and wife shall not be valid as to third persons unless the transfer is in writing, acknowledged and recorded. From the facts alleged, the presumption will be that the transfer was by parol. Section 555, Newman on Pleadings and Practice; Smith v. Fah, 15 B. Mon., 443; Bull v. McRea, 8 B. Mon., 423; Smith v. Theobald, 86 Ky., 141, 9 R., 449.

We are of opinion that the lower court properly sustained objection to filing the answers because they were neither sufficient nor timely, and the judgment is, therefore, affirmed.