# Miller v. Kentucky Traction & Terminal Company.

(Decided May 6, 1915.)

## Appeal from Woodford Circuit Court.

Railroads—Interurban Service—Use of Highways—Frightening Horses.—An interurban railroad having the right to erect its poles and string its wires along the right-of-way of a highway incurs no liability for the frightening of a horse, because of its placing therein, outside of the wheel tracks of the traveled part, a barrel

containing a blower or furnace for use in connection with its repair work.

H. A. SCHOBERTH and FIELD McLEOD for appellant.

WALLACE & HARRIS, WALLACE MUIR and STOLL & BUSH for appellee.

OPINION OF THE COURT BY WILLIAM ROGERS CLAY, COMMISSIONER—Affirming.

In this action for damages for personal injuries there was a directed verdict in favor of the defendant, and plaintiff appeals.

The facts are these: The defendant, Kentucky Traction and Terminal Company owns and operates an interurban line between Lexington and Versailles. The line extends along the northern margin of the Lexington & Versailles turnpike road. Whether the line is located entirely on the private right-of-way of defendant or on a portion of the turnpike right-of-way does not satisfactorily appear. The defendant's poles are located on the northern side of the tracks. Between the macadam part of the road and defendant's tracks is a strip of bluegrass several feet wide. According to the evidence for plaintiff, she and her sister, Miss Green, were en route to Versailles. They were seated in a buck-board and were driving a gentle mare. When about three miles from Versailles a trolley car passed. The mare became slightly frightened, but when the lines were tightened and she was spoken to by plaintiff she quieted down and proceeded along the road. After they had gone a short distance they discovered a man on a pole and another man on the ground near the pole. This pole was located on the south side of the trolley line. Plaintiff and her sister then saw two men in front of them twenty or thirty yards up the road. They were going towards Versailles and were carrying between them, by means of handles on each side, an ordinary sugar or cracker barrel. When plaintiff and her sister were within a few feet of the men they set the barrel down. The place where they set the barrel was on the macadam, but between the wheel tracks of the road and the grass strip. When the mare got opposite the barrel she gave a lurch and turned the buggy over. Plaintiff was thrown to the ground and injured. Plaintiff herself heard no noise coming from the barrel, but after she was placed on a

car and sent to Versailles, her sister heard coming from the barrel a noise which sounded like it was made by a blower or furnace.

Plaintiff bases her right to recover on the fact that the barrel and the noise therefrom were reasonably calculated to frighten an ordinarily gentle horse, and that the defendant was negligent in placing the barrel near the wheel tracks, or that part of the road that was usually traveled, instead of on the grass strip which was some distance away. The question of liability in cases of this kind was very fully considered by this court in the case of the East Tennessee Telephone Company v. Parsons, 154 Ky., 801. It is there held that liability may arise in two instances: (1) Where an obstruction or nuisance is placed in the highway so as to interfere with its use by the traveling public; (2) where an object is placed outside of the traveled portion of the highway by someone having no lawful right to do so. It was further held that where the object does not interfere with public travel, liability turns on the right to place it in the highway outside of the traveled part of the road rather than on its shape and appearance or the probability of its being such as to frighten an ordinarily gentle horse. The same case recognizes the right of public service corporations having a franchise to place their poles, wires, tool boxes and other implements necessary in the construction or repair of their lines, on the right-of-way in such a manner as not to interfere with public travel. In the case under consideration the barrel was not placed in the traveled part of the road so as to interfere with its use by the public. There was abundant space between the barrel and the wheel tracks of the public road to permit the plaintiff to pass without coming in contact with the barrel. As the barrel did not amount to an obstruction, and as defendant had the right to place it and did place it where it did not interfere with public travel, and as liability in such cases does not turn on the appearance or shape of the object or the noise therefrom, it cannot be said that defendant was negligent merely because it could have placed the barrel further away from the traveled part of the road. It follows that the trial court properly directed a verdict in favor of the defendant.

Judgment affirmed.