## Sheeran, et al. v. Tucker, et al.

(Decided October 28, 1915.)

### Appeal from Breckinridge Circuit Court.

1. **Pleading—Defense That Plaintiff is a Violator of Anti-trust Law.—** An affirmative defense must be pleaded; it cannot be presented by demurrer or motion for directed verdict. The defense authorized by Section 3918 Kentucky Statutes that plaintiff is a violator of the Anti-trust Law is an affirmative defense and must be pleaded.

2. **Trial—Burden of Proof.**—On an action to recover damages for breach of a contract the burden held to be on plaintiff; the fact that a check was put up as a forfeit and payment on it stopped, does not make the action one upon the check entitling the defendant to the burden of proof.

CLAUDE MERCER for appellants.

JOHN P. HASWELL, JR., and GUS BROWN for appellees.

OPINION OF THE COURT BY JUDGE HANNAH—Affirming.

This is the second appeal in this case. For the opinion on the former appeal, see Tucker v. Pete Sheeran Bro. & Co., 155 Ky., 670, 160 S. W., 176. Briefly stated, the action is one by Tucker and other members of a committee appointed by and acting for the Farmers' Union of Breckinridge County to effect a sale of the tobacco grown by the members of the union, instituted against Pete Sheeran Bro. & Company, to recover five hundred dollars as damages for failure to perform the terms of a contract which the plaintiffs claimed had been entered into by defendants and themselves, whereby they agreed to sell and defendants agreed to purchase the tobacco in question. The defense was that there was merely an agreement to effect a subsequent sale of the tobacco by a written contract to be thereafter entered into between the parties.

Upon the second trial, the lower court instructed the jury in conformity to the opinion of this court reversing the first judgment, and the jury found a verdict for the plaintiffs. The defendants appeal.

The Farmers' Union of Breckinridge County is composed of seventeen local unions; and the county union is in turn a constituent member of the Kentucky State Union, which is a branch of the Farmers' Educational and Co-operative Union of America.

Upon the second trial, there was introduced in evidence a copy of the constitution and by-laws of the state organization, from which the following excerpts are taken:

"We declare the following purposes:    *    *    *    To secure and maintain profitable and uniform prices for grain, cotton, tobacco, live stock and other products of the farm.    *    *    *    As organized farmers, it is our aim and duty to attend to our own business, not to disturb or interfere with any other legitimate vocation, profession

or calling, but in attending to our own business, we shall strive to control the production, price and distribution of every class of farm products.''

Because of these declarations, it is now contended by appellants that the Farmers' Union is an unlawful combination in restraint of trade, and that it therefore cannot recover herein. But appellants failed to raise this question in the court below either by pleading or proof, and it is too late to raise it here. They insist that the question was raised by special demurrer and by motion for a directed verdict; but an affirmative defense may not be asserted in either of these ways.

2. Appellants also complain because the trial court did not assign to them the burden of proof. The real issue being, as said in the former opinion, whether a sale was effected, or merely an agreement to effect a subsequent sale by written contract, the burden was undoubtedly on the plaintiffs. This was not an action to recover on the check which was put up by the defendants as a forfeit, but to recover damages for breach of the contract.

The judgment is affirmed.