## Cornett v. Clere, et al.

(Decided January 31, 1922.)

### Appeal from Boyd Circuit Court.

1. Frauds, Statute of—Contracts for Sale of Real Property.—A contract for the sale of real property must be in writing signed by the vendor, who is the party to be charged.

2. Frauds, Statute of—Verbal Contract for Sale of Land.—A verbal contract for the sale of land is not absolutely void, but is merely unenforcible.

3. Specific Performance—Description.—The description of the land to be conveyed must be sufficiently definite to enable the chancellor, without the aid of parol evidence, to decree specific performance.

4. Frauds, Statute of—Requisites and Sufficiency of Writing.—A receipt which reads: "Received of D. M. C. fifty ($50.00) dollars and no/100 for payment on lot," signed by the seller, is not a sufficient writing to take a contract for the sale of land out of the statute of frauds.

5. Frauds, Statute of—Pleading.—Although the owner of the land admit in his answer that he entered into a verbal contract with the plaintiff to sell him a certain lot of land, he may, nevertheless, successfully plead and rely upon the statute of frauds and perjuries.

WAUGH & HOWERTON for appellant.

JOHN T. DEIDERICH for appellees.

OPINION OF THE COURT BY JUDGE SAMPSON—Reversing.

Appellant Cornett by verbal contract sold to D. M. Clere, now deceased, a lot for $100.00. At the time of the sale Clere paid Cornett $50.00 on the purchase price and Cornett gave to Clere the following written receipt:

"March 3, 1916.

"Received of D. M. Clere, fifty ($50.00) dollars and no/100 for payment on lot.

"HOWARD CORNETT."

On February 26, 1917, Clere made another payment of $11.62, for which Cornett gave him the following receipt:

"Ashland, Ky., February 26, 1917.

"Received of E. C. Clere, eleven dollars and sixty-two cents on lot.

"H. CORNETT."

In May, 1917, Clere paid Cornett $10.00 more but received no written receipt to evidence the payment. In October, 1918, Clere died intestate, leaving a wife and eight infant children. This suit was commenced by Theodosia A. Clere, the widow, for herself and as next friend for the eight infant children against Cornett and George Carroll, to whom Cornett had conveyed the lot, to enforce the contract of sale of the lot made by Cornett to Clere; for specific performance of the contract according to its terms, and praying that Cornett and Carroll be required to convey by general warranty deed the said lot to the widow and children of Clere, according to their interest therein, or on their failure to so convey, the court direct its master commissioner to make said conveyance.

The answer admits the sale of the lot by Cornett to Clere, and also the several payments made thereon, but it avers that the agreement was verbal "and no writing whatever passed between them." After proof was taken Cornett and Carroll filed an amended answer, setting up the statute of frauds and perjuries, relying on same to defeat the plaintiffs in their action for specific performance of the contract.

In decreeing specific performance of the contract of sale of the lot the trial court said: "The court is of the opinion that the receipt for the purchase money paid on lot in question with answer of defendant Cornett are sufficient to remove case from bar of statute of frauds. The receipts alone are, of course, clearly not sufficient to do so." We must agree with the learned trial judge that the receipts alone are wholly insufficient to take the case out of the statute of frauds, which requires every contract respecting the sale of real property to be in writing signed by the party to be charged therewith, or by his authorized agent. A verbal contract for the sale of land is not absolutely void, but the statute provides that no action shall be brought thereon unless the contract, or some memorandum or note thereof, be in writing

signed by the party to be charged. There are, however, cases in which the vendee in possession under a parol contract may rely upon his verbal agreement in bar of an action to recover the land until the equities are adjusted. Cornellison v. Cornellison, 1 Bush 150. The memorandum required by the statute must be sufficient to enable the chancellor, without the aid of parol evidence, to decree specific performance. In 25 R. C. L., page 649, the text is: "It is well settled that the memorandum, in case of a contract to sell land, must describe the land sold. If an insufficient description is given or there is no description; oral evidence is not admissible in aid of the memorandum, because the court will never receive such evidence both to describe the land and then to apply the description." This is the general rule and is sustained by the decisions of courts of last resort throughout the country. Some of the Kentucky cases are: Hanley v. Blackford, 1 Dana I, 25 American Decisions 114; Roberts v. Bennett, 166 Ky 588, L. R. A. 1916C, 1098; Hall v. Cotton, 167 Ky. 464.

It appears, however, that the trial court rests his decree of specific performance of the contract largely, if not entirely, upon the answer of the defendant Cornett. It is true that the answer admits that a parol contract concerning the lot was made between the parties, but it further avers that Clerc, the vendee under the parol contract, abandoned the conveyance and refused to pay the balance of the purchase price. The amended petition sets up and relies upon the statute of frauds and perjuries. It is well settled in this jurisdiction where the plaintiff in his petition for specific performance of a contract for the sale of land relies upon a verbal agreement, the invalidity of the contract under the statute of frauds may be raised by general demurrer. Smith v. Fah, 153 M. 443; Smith v. Theobald, 86 Ky. 141, 13 Bush 463; Boone v. Coe, 153 Ky. 235; Combs v. Cardwell, 164 Ky. 545.

In such case all the averments of the petition are taken for true on demurrer. The parol contract and the partial payments are all admitted, but this does not advantage the plaintiff, but is rather his undoing. By analogy it must be apparent that the answer which admits the verbal contract for the sale of land does not put the plaintiff in any better position than if the averment of the petition to the same effect had been conceded by demurrer.

The pleading by which one asserts his cause of action or defense cannot be regarded as a memorandum or writing sufficient to take the verbal contract, on which the pleading is based, out of the statute of frauds and perjuries. If so, one would never dare set forth the true facts in a pleading where he desired to interpose the statute as a defense, and the real purpose of the statute would be largely, if not entirely, defeated. In the case of May v. May, 110 S. W. 808, 33 R. 638, it is said: "Nor is there anything in appellant's contention that the petition which was signed and sworn to by appellee took the place of the memorandum or writing required by the statute of frauds, or constituted a ratification or confirmation of the parol contract of sale. We cannot hold that the signing of a petition to rescind an invalid contract of sale has the effect of making the contract valid. In other words, a party does not lose his legal rights by the use of the methods prescribed by law for their enforcement." One may admit the sale of land by verbal contract and yet defend an action for specific performance by pleading the statute of frauds. This was one of the purposes of the statute. However much the sympathies of the court may incline toward the widow and eight children who are the appellees in this case, the statutory law of the state, the declared public policy, forbids the enforcement of verbal contracts for the sale of real property, and we cannot yield to the impulse. As the answer of appellants tenders to appellees all the money with interest paid by Clere to Cornett on the lot under the verbal contract, the chancellor should direct the payment of this money into court for the use and benefit of appellees.

Judgment reversed for proceedings consistent with this opinion.