## Simpson v. Peavyhouse.

(Decided February 3, 1925.)

# Appeal from Lincoln Circuit Court.

1. Frauds, Statute of—Invalidity of Contract May be Raised by General Demurrer.—Invalidity of contract under statute may be raised by general demurrer.
2. Frauds, Statute of—Contract Describing Land as Vendor's "Town Lots" Held Insufficient.—Contract describing land as vendor's "town lots" held insufficient under the statute of frauds.
3. Frauds, Statute of—Description of Land as Vendor's "Town Lots" Held Not Sufficient, Because of Name of Town Printed on Letter Head on which Contract was Written.—Description of Vendor's land as "his town lots" was not rendered sufficient under the statute of frauds by bank's letter head, on which contract was written, with name of town in which bank was located printed thereon, since such letter head showed merely where contract was written, and not where lots were located.
4. Frauds, Statute of—Defendant did Not Waive Insufficiency of Contract under Statute by Filing an Answer After Demurrer Questioning Sufficiency was Overruled.—Defendant did not waive objection to sufficiency of contract under statute, raised by demurrer to petition, by filing answer to merits after demurrer was overruled.

C. C. BAGBY, GEORGE E. STONE and GEORGE FLORENCE for appellant.

KENDRICK ALCORN for appellee.

OPINION OF THE COURT BY COMMISSIONER HOBSON— Reversing.

F. M. Peavyhouse brought this suit against A. M. Simpson to obtain specific performance of the following written contract for the sale of land:

"This title bond or agreement made and entered into this the 28th day of August, 1920, by and between F. M. Peavyhouse, party of the first part, of Lincoln county, Kentucky, and A. M. Simpson, of Casey county, Kentucky, Witnesseth: That Owens, Cowan & Company has this day sold for F. M. Peavyhouse, party of the first part, his town lots to A. M. Simpson, party of the second part, for the sum of $2,600.00, payments as follows: 10% down today, 23 1/3% when deed is delivered on or before the first day of January, 1921. Balance in one and

two years, bearing 6% interest from date of deed. Lien retained on land until all notes are paid. A. M. Simpson pays 1921 taxes. Mr. A. M. Simpson has the privilege of paying cash when deed is delivered.

"(Signed) A. M. SIMPSON,
F. PEAVYHOUSE."

The defendant demurred to the petition. The demurrer was overruled. The defendant then filed answer. Proof was taken and on final hearing the plaintiff was adjudged the relief sought. The defendant appeals.

The only question we deem it necessary to consider is the sufficiency of the writing under the statute of frauds, for it is well settled that the invalidity of the contract, under the statute of frauds, may be raised by general demurrer. Boone v. Coe, 153 Ky. 235, Combs v. Cardwell, 164 Ky. 542, and cases cited.

It will be observed that the only description of the land in the writing is in these words: "his town lots." In Brice v. Hays, 144 Ky. 535, the description of the land was in these words: "About 150 acres of land near Otter Creek Station, one mile north of Rineyville, Hardin county, Kentucky, on the I. C. R. R. Co." Holding this description insufficient the court said:

"Writings containing similar descriptions of land have been before this court repeatedly for construction. The object of the statute of frauds and perjuries is to prevent the evil arising from parol testimony in so far as certain objects were concerned, particularly that of land. The evidence as to what lands are the subject of the contract, must be contained within the contract. The writing or memorandum must itself afford the means of identification; and unless it does, it is within the statute of frauds."

In Chambers v. Murphy, 192 Ky. 839, where there was a similar description followed by other words by means of which the land could be identified, the court said:

"Clearly if the contract had described the farm as the home place of the grantor, or the place on which he resided, it would have been sufficient. Campbell v. Preece, 133 Ky. 572, 118 S. W. 373. Doubtless, if the contract contained no other descrip-

tion than 'his land' the description would not have been sufficient, but the contract does not stop there.''

In Cornett v. Clare, 193 Ky. 590, the only description was the word "lot." Holding this description insufficient the court said:

"The memorandum required by the statute must be sufficient to enable the chancellor, without the aid of parol evidence, to decree specific performance. In 25 R. C. L., page 649, the text is: 'It is well settled that the memorandum, in case of a contract to sell land, must describe the land sold. If an insufficient description is given or there is no description, oral evidence is not admissible in aid of the memorandum, because the court will never receive such evidence both to describe the land and then to apply the description.' This is the general rule and is sustained by the decisions of courts of last resort throughout the country."

We are informed in the brief for appellee that the contract is written on a sheet having these words printed on it: "The People's Bank of Hustonville (Incorporated), Hustonville, Kentucky, — 191—." The writing is not so copied in the record, but this is immaterial; for these words would only tend to show where the writing was drawn. They would not show what town lots were sold. The proof shows that the lots referred to were not "his town lots" but were owned jointly by him and his wife.

When the defendant had raised the question of the sufficiency of the writing by his demurrer to the petition and the demurrer was overruled, he lost no rights by filing an answer to the merits. Cornett v. Clare, 193 Ky. 590, and cases cited.

Judgment reversed and cause remanded with directions to sustain the demurrer to the petition.