## Carpenter v. Connelley et al.

(Decided Oct. 4, 1935.)

ALLEN & ALLEN and WILLIAMS & ALLEN for appellant.

H. H. RAMEY for appellees.

OPINION OF THE COURT BY JUDGE PERRY—Affirming.

The appellee, W. C. Connelley, claiming that he had a contract with the appellant, Albert Carpenter, for the sale and purchase of a certain tract of land, brought this suit under the Declaratory Judgment Act (Civil Code Prac. sec. 639a-1 et seq.), seeking to obtain specific performance of the contract, which is as follows:

"Salyersville, Ky., Jan. 28, 1935.

"This agreement made and entered into this January 28th, 1935, by and between Dr. W. C. Connelley, party of the first part and Albert Carpenter, party of the second part,

"Witnesseth: That W. C. Connelley, party of the first part has sold a tract of land, deeded and conveyed same to Albert Carpenter, party of the second part for $7,000.00 [Seven thousand] dollars in hand paid, conditioned as follows: Said land being under mortgage to the Federal Land Bank of Louisville, Ky., is to be released by said Bank from all incumbrance and the said Albert Carpenter is to have deed to said land, together with check for $7,000.00 [Seven Thousand Dollars] payment for said land is to be placed in Salyersville National

Bank till said land is released from mortgage by said Federal Land Bank. Said check to be turned to Salyersville Nat'l Bank till matters pending are settled.''

By his petition he alleged that because of the deranged ''mental condition'' of said Grace Connelley (plaintiff's former wife), through whom plaintiff in part acquired title to the land sold defendant, the defendant Robert Carpenter has failed and refused to perform his contract for its purchase, by paying plaintiff, as agreed and provided for in their contract, the purchase price of the property, and further that an actual controversy had arisen between them and existed with respect to their rights under this written contract. He further averred that his action involved and was brought for a determination *of the question* of *whether* or *not* the *transactions* and *property settlement* had between the plaintiff W. C. Connelley and the said Grace Connelley (his wife) were fair and equitable to her by reason of her then mental condition, and as to whether or not, if she was mentally competent when agreeing to a divorce and property settlement with the appellee, her subsequently adjudged insane condition, occurring before the involved sale contract was performed, would prevent plaintiff from a proper performance of their contract by rendering him unable to vest said Albert Carpenter with the fee-simple title to said property. And finally prayed that the court declare that Grace Connelley's subsequent mental derangement be adjudged not to affect the rights of the defendant, Albert Carpenter, or to invalidate the agreement between this plaintiff and the said Albert Carpenter, or prevent their specific completion of this land sale transaction, by the execution and delivery of the said deed to Carpenter, which he also prayed should be adjudged to vest the said Albert Carpenter with good fee-simple title.

To the petition the appellant Carpenter filed both a demurrer to the petition, and, without waiving the demurrer (as recited by the order filing the pleadings), his separate answer, whereby, traversing the allegations of the petitions, he affirmatively attacked the parties' written contract sued on solely upon the ground of the averred bad mental condition of Mrs. Grace Connelley, but he did not plead that his refusal to specifically perform their land contract was based upon any objection

to the written form of the contract, or contend that it was unenforceable on the ground that the terms of the contract as written did not furnish a sufficient description of the property contracted for to meet the requirements of the statute of frauds, but defended or resisted specific performance of it upon the sole and different ground that the plaintiff was himself then unable to perform the contract sued on by reason of his alleged inability to convey him a good fee title thereto, in that the conveyance made appellee by his wife, Grace Connelley, of her right and interest in the property (in part here involved in the contract), and the appellee's proffered deed to defendant for the contracted part of that acreage, were each and all made and executed after and when the defendant Grace Connelley was insane, and by the plaintiff then known to be insane, and that for such reason each and all of the transactions had with her were illegal and void and should be so adjudged. Wherefore he prayed that the rights of the parties be determined and that if he should, by the court, be required to pay for said tract of land thus contracted for under the facts set out, that it be adjudged that he be given a fee-simple title to the land as set out and described in the deed filed with plaintiff's petition, and, if under the facts stated he could not be adjudged to be vested under the proffered deed with a good and fee-simple title to said property, he prayed that said writings and the several attempted conveyances mentioned and their written contract sued on be all canceled and held for naught.

Proof was thereupon taken by plaintiff to maintain his burden upon the one issue thus made and joined upon the pleadings and proof as to plaintiff's ability to convey him the land with fee-simple title when, upon submssion and final hearing, the plaintiff was adjudged able to convey the land as contracted for and granted the relief sought of specific performance of the land contract against the defendant. Complaining of this, the defendant prosecutes this appeal.

Appellant here now attacks the propriety of this judgment upon a new ground and other than that upon which the court was asked to decide the case, which is that the suit is one based on an unenforceable written contract for the sale of the land, which the effect of the judgment is to enforce, although the property referred

to in the contract is insufficiently therein described as only "a tract of land," without other words used to identify it. Such a contract (though not criticized or objected to in the court below as one bad in form or insufficient under the statute for inadequate description of the land), he contends, has no more force than a parol agreement to sell land, and is thus an insufficient memorandum of the contract sued on, which under the statute of frauds is unenforceable. For such reason appellant now insists that his demurrer filed to the petition raised the question of its insufficiency and should have been sustained and that the trial court committed a reversible error in failing to sustain it.

The rule as to this clearly is that although the statute of frauds is not expressly pleaded to the insufficiency of the contract sued on, it may be conceded that the question of its insufficiency of description of the property involved in the written memorandum of sale may be raised, without special pleading, by general demurrer. Boone v. Coe, 153 Ky. 233, 235, 154 S. W. 900, 51 L. R. A. (N. S.) 907; Combs v. Cardwell, 164 Ky. 542, 175 S W. 1009; Hocker v. Gentry, 3 Metc. (60 Ky.) 463; Cumberland & M. R. Co. v. Posey, 196 Ky. 379, 244 S. W. 770; Cornett v. Clere, 193 Ky. 590, 236 S. W. 1036, 22 A. L. R. 720; Simpson v. Peavyhouse, 207 Ky. 155, 268 S. W. 814; Nugent v. Humpich, 231 Ky. 122, 21 S. W. (2d) 153; Gibson v. Crawford, 247 Ky. 228, 56 S. W. (2d) 985.

While it is to be observed from our statement, supra, that defendant filed both an answer and demurrer to the petition, he must yet be held to have waived the court's determination of the question raised by his demurrer to the sufficiency and enforceability, under the statute of frauds, of the contract sued on by reason of the court's failure to pass upon it, and appellant's abandonment and waiver of his right under the demurrer by failing to call it to the court's attention or to insist upon his right to have the court consider and rule upon its merit. Nowhere does it appear by the record that the court's attention was ever called to the demurrer after its filing by the appellant or that any request was made for the court's ruling thereon. On the other hand, we find that appellant, by his answer filed at the same time, pleaded and relied solely for his defense against the specific performance of the contract

sought by plaintiff's petition upon the one ground presented by his affirmative plea, charging plaintiff with inability to perform his contract, without any plea made that the contract was unenforceable against him, because of its failure to comply with the statute by sufficiently describing the property contracted for as to identify it. Without any criticism of the contract or objection urged against its insufficiency, he elected to pitch his defense solely upon the plea made that plaintiff was himself unable to perform the contract because of the invalidity of his title to the land he was attempting to convey him.

Despite the fact that the trial court here heard and determined the case only upon this one issue upon which it was by the parties submitted to the court for its decision, the appellant, though apparently not dissatisfied with the court's determination of this one question, which was above presented for its decision, has now appealed, and by his brief now attacks the judgment not as erroneous upon the ground decided, but insists that the court erred through failing to also pass upon the question, though unpresented or waived, of the sufficiency, under the statute, of the contract sued on, contending that same was raised by his demurrer filed, even though his present insistence for a decision upon the demurrer abandoned upon the trial, it appears, is his first reference to and remembrance of it and the question raised by it since its filing.

The appellant having confined his defense upon the trial below to the one issue of the appellee's challenged ability to perform his contract and having only attacked it upon that one ground, that plaintiff could not convey him a fee-simple title to the property contracted for, he cannot, when that ground of defense has been determined adversely to him, here upon appeal, for the first time, ask for a reversal of the lower court's judgment upon the untenable ground that the lower court failed to decide a further question not there presented.

Whatever might have been the trial court's proper determination of this question had it been called upon, through the parties' proper presentation and submission of it, to decide it, we do not feel now called upon to discuss as this question, not being made an issue nor submitted to the court below, the court was not asked to decide. We as a court of review should not be here

asked to require the chancellor to do something which the appellant himself did not there ask of him.

It is here sufficient to say that the general rule as to this is that a defense not made and heard below cannot be raised and urged on appeal. Also, that where a pleader, as here, has pointed out but one objection to a judgment—and that one not raised or presented below by pleading or issue—it must be inferred that in his opinion the judgment was regular except in that particular. Jewell v. Porter, 11 S. W. 717, 11 Ky. Law Rep. 162; Davidson v. Davidson, 180 Ky. 190, 202 S. W. 493. A newly presented ground for attack on deed or contract not urged in the lower court cannot be heard on appeal. Allee v. Baxter, 207 Ky. 391, 269 S. W. 318; Pete Sheeran, Bro. & Co. v. Tucker, 166 Ky. 483, 179 S. W. 426; Van Jellico Min. Co. v. Rollins, 108 S. W. 235, 32 Ky. Law Rep. 1190.

In conclusion, it is to be noted that appellant's complaint and contention here urged and argued for reversal of the lower court's judgment is its failure to decide the case upon a new and different question from that upon which it was decided, and which is now for the first time here presented and urged for a reversal. Such an inopportune and irregular assignment of the alleged error, thus so untimely and tardily presented, we conclude is altogether without merit, and in view of the applicable principles announced in the cases cited supra, is not to be sustained.

We are therefore of the opinion that the propriety of the trial court's judgment not having been attacked by the appellant in respect to its decision of the one question actually presented and decided by it, it cannot now be here successfully attacked because of its failure to further adjudge and decide yet another question, not there, but here, raised and insisted upon for the first time.

Judgment affirmed.