[Civ. No. 820. Second Appellate District.—May 23, 1910.]

## SAMUEL BAUME, Appellant, v. M. E. MORSE, Respondent.

Contract to Sell Land—Statute of Frauds—Essentials to Specific Performance.—The essentials to an enforceable contract to sell real estate are that it, or a memorandum or note of its terms, shall be in writing, and that such writing shall declare with certainty the party who sells, the party who buys, the price to be paid, and a description of the property sold by which it can be known or identified.

Id.—Insufficient Memorandum—Want of Price and Description.— A mere dated receipt by defendant to plaintiff, for "forty dollars deposit on 5 acres of land in Compton. Good till the first of Nov. 1908," is incapable of specific performance, because no price is named therein, and the description given is not sufficient to justify a court of equity in enforcing the conveyance of any property.

Id.—Absence of Cause of Action for Revision—Code Section Inapplicable.—Where no cause of action for revision was stated in the complaint, the provision of section 3452 of the Civil Code that "a contract may be first revised and then specifically enforced" is inapplicable.

Id.—Missing Terms of Contract not Provable by Parol Evidence.— The offer by plaintiff to supply the missing terms of the contract by parol evidence was properly denied by the court.

Id.—Written Terms of Agreement must Control.—When an agreement is reduced to writing, the writing is to be considered as containing all the terms of the contract; and no other evidence of the terms of the agreement will be admitted. No new terms can be introduced into the contract by parol.

APPEAL from a judgment of the Superior Court of Los Angeles County, and from an order denying a new trial. Leon F. Moss, Judge.

The facts are stated in the opinion of the court.

Will D. Gould, for Appellant.

Willis & Robinson, for Respondent.

TAGGART, J.—Action to enforce specific performance of contract to convey real estate. The answer admitted an agreement to convey, but alleged that the purchase price was another and different sum from that alleged in the complaint, and also that the contract was oral. A nonsuit was granted at the close of plaintiff's case and judgment entered thereon; and plaintiff appeals from the judgment and from an order denying his motion for a new trial.

The only instrument in writing which was pleaded or introduced in evidence to support plaintiff's cause of action was as follows:

"Los Angeles, Cal., Oct. 6, 1908.

"Received of Samuel Baume forty dollars deposit on 5 acres in Compton. Good till the first of Nov. 1908.

"$40.                              Mrs. M. E. MORSE."

It is urged as grounds for a reversal of the judgment that the trial court erred in not accepting this writing as a sufficient note or memorandum in writing to satisfy the provisions of section 1973 of the Code of Civil Procedure, and to meet the requirements of subdivision 6 of section 3390 of the Civil Code, as a certain statement of the precise act to be done.

The essentials to an enforceable contract to sell real estate are, that it, or a memorandum or note of its terms, shall be in writing; that such writing shall declare with certainty the party who sells, the party who buys, the price to be paid, and a description of the property sold by which it can be known or identified. (*Breckinridge* v. *Crocker*, 78 Cal. 535, [21 Pac. 179]; *Craig* v. *Zelian*, 137 Cal. 106, [69 Pac. 853].) Measured by these essentials, we find the receipt for the $40 deposit, here introduced, lacking in the two respects last men-

tioned. No purchase price is named therein, and the description given is not sufficiently definite to justify a court of equity in enforcing the conveyance of any property. The offer to supply the other alleged terms of the contract by parol was properly denied by the trial court. There was no cause of action for revision stated in the complaint, and section 3402 of the Civil Code, cited by appellant, has no application to this case. When an agreement is reduced to writing, the writing is to be considered as containing all the terms of the contract, and no other evidence of the terms of the agreement will be admitted. (Code Civ. Proc., sec. 1856.) No new terms can be introduced into the contract by parol. (*Germain Fruit Co.* v. *Armsby Co.*, 153 Cal. 585, [96 Pac. 319]; *Bradford Inv. Co.* v. *Joost*, 117 Cal. 204, [48 Pac. 1083]; *Board of Education* v. *Grant*, 118 Cal. 44, [50 Pac. 5].) The judgment of nonsuit was properly granted.

Judgment and order appealed from affirmed.

Allen, P. J., and Shaw, J., concurred.