[S. F. No. 6332. In Bank.—June 21, 1915.]

## MARY A. FRITZ, Appellant and Respondent, v. LAURA J. E. MILLS and FREDERICK J. MILLS, Appellants and Respondents.

AGREEMENT FOR SALE OF LAND—SPECIFIC PERFORMANCE—FINDINGS—
  PAYMENT NOT VOLUNTARY WHEN MADE PURSUANT TO DECREE.—In
  an action by the purchaser to compel specific performance of an
  agreement of sale of a tract of land encumbered by a mortgage, a
  finding that the payment of the mortgage by plaintiff was voluntary and was not made in pursuance of the judgment of the court,
  is not supported by the evidence where it appears that, in the
  course of the action a decree was made that plaintiff pay to the
  clerk the amount of the purchase price and accrued interest on the
  mortgage and defendant deposit with the clerk a deed of the land
  to plaintiff, and thereupon that the clerk deliver the deed to the
  plaintiff and pay out of such deposit the amount of the mortgage
  and the balance to defendant, and that on the final judgment, it
  appearing that plaintiff had deposited the money, it was decreed
  that if defendant failed to execute the deed the clerk should execute
  it for her and should thereupon from the moneys on deposit pay the
  mortgage and the balance to defendant, and that later upon *ex-
  parte* motion of plaintiff the court ordered the treasurer to pay
  the amount of the mortgage to the mortgagee, which was done
  pursuant to this order with the consent, and at the request, of
  plaintiff.

CLXX Cal.—29

ID.—EQUITABLE RELIEF FOR PAYMENT MADE UNDER ERRONEOUS DECREE.—In such a case plaintiff is entitled to relief out of the money so paid, if it shall be finally determined that she is not entitled to specific performance, since plaintiff should not be made to suffer loss by compliance with the judgment of the court, and it would be inequitable to allow defendant to profit by a successful appeal taken after plaintiff, in reliance on the judgment, had complied with its terms by paying on defendant's debt money which plaintiff was otherwise under no obligation to pay.

ID.—SUBROGATION TO RIGHTS OF MORTGAGEE.—In such a case the court has power, under a supplemental complaint alleging the matters which took place in the course of the proceedings in the main case, and that in pursuance of the orders and judgment made by the court the acts of plaintiff were both authorized and required by the court, to decree that plaintiff shall be subrogated to the lien of the mortgage paid by her and to enforce such lien in her favor by an appropriate judgment in case it should finally determine that plaintiff was not entitled to enforce the alleged agreement of sale, in order to restore to plaintiff the money paid by her for defendant in pursuance of its own erroneous judgment.

ID.—INVALID AGREEMENT—AUTHORIZATION TO AGENT—TELEGRAMS.— An agreement for the sale of land, in which the name of the owner does not appear, made in the name of and signed by an alleged agent, whose authority consisted of a letter from the owner requesting the agent "to try and find a purchaser for the property." and who, after signing the memorandum, telegraphed to the owner "have sold house, $6,150. Wire confirmation" and received a telegraphic reply from the owner stating "terms satisfactory," does not constitute a valid written memorandum of the agreement of sale sufficient to support an action for specific performance by the purchaser against the owner.

ID.—DEFECTIVE EXECUTION.—A telegram from the owner saying "terms satisfactory" in reply to a telegram received from the agent saying "have sold house, $6,150. Wire confirmation" does not constitute an execution by the owner of a contract made in the name of the agent for the sale of land in which the name of the owner does not appear.

ID.—REQUISITES OF AGREEMENT TO SUPPORT SPECIFIC PERFORMANCE.— An agreement for the sale of land must show the names of the buyer and seller, the price to be paid, and the time at which it is to be paid, and must describe the property so that it can be identified, in order to support an action for specific performance.

ID.—PART PERFORMANCE OF ORAL AGREEMENT—KNOWLEDGE—ACQUIESCENSE.—Possession of the property taken by the purchaser under an alleged contract of sale, which is not known to the owner, and is taken without the owner's consent, express or implied, and was repudiated by the owner as soon as she had knowledge of it, does

not constitute part performance of an oral agreement of sale suffi-
cient to support a decree of specific performance.

ID.—FINDINGS—SUFFICIENCY AS TO FORM.—A finding "that all of the
denials and allegations contained in the answer of the defendants to
said third amended complaint are, and that each and every of them
is, supported by the evidence and true," although an unusual form
of expression, is clear and is equivalent to a finding that each al-
legation of the third amended complaint is untrue, which, as a form
of finding, has always been held sufficient.

APPEALS by plaintiff from a judgment of the Superior
Court of the City and County of San Francisco, and from
certain portions of an order granting a new trial, and by
defendants from such order granting a new trial. Frank J.
Murasky, Judge.

The facts are stated in the opinion of the court.

Charles Wesley Reed, Chas. J. Heggerty, and Knight &
Heggerty, for Plaintiff.

F. H. Dam, for Defendants.

SHAW, J.—This action was begun on October 31, 1906,
Charles W. Reed being the plaintiff. Afterwards, Mary A.
Fritz succeeded to his rights and interest and was duly sub-
stituted as plaintiff. Judgment was then given for the plain-
tiff, the defendants appealed therefrom, the appeal was duly
transferred to the district court of appeal for the first district
and on December 3, 1909, the judgment was reversed. (*Fritz
v. Mills,* 12 Cal. App. 113, [106 Pac. 725].)

After the cause was remanded to the superior court for a
new trial the plaintiff filed a third amended complaint and also
a supplemental complaint. The defendants answered these
pleadings, there was a trial of the issues formed thereby and a
judgment for the defendant, Laura J. E. Mills. The defend-
ant Frederick J. Mills has no interest other than as the hus-
band of Laura J. E. Mills. Thereupon, the plaintiff moved
for a new trial and the motion was granted. The order states
that "said motion is hereby granted solely upon the ground
that the payment of the mortgage by Reed was not a voluntary
one and that plaintiff is entitled to relief on account of such
payment, but in so far as the motion for a new trial is based
upon the alleged insufficiency of the evidence to justify the

findings of fact, or any of them, respecting the third amended complaint, the motion for a new trial is hereby denied.''

The plaintiff appealed from the judgment within sixty days from the entry thereof, and before the hearing of the motion for a new trial. She appealed from the part of the order declaring that the new trial was granted solely on the ground that the payment was not voluntary and that it was not granted because of insufficiency of the evidence to sustain the findings against the third amended complaint. The defendants appealed from the order granting the new trial, in its entirety. The order, in effect, was for a new trial of the whole case. The appeal of the defendants presents the entire record for review; except that if the evidence supporting the findings respecting the third amended complaint is conflicting, we cannot re-examine the evidence and determine that it was not sufficient, if we should conclude that the order could not be supported on the other grounds upon which the motion was made. (*Kauffman* v. *Maier,* 94 Cal. 277, [18 L. R. A. 124]; *Bresee* v. *Los Angeles Traction Co.,* 149 Cal. 134, [5 L. R. A. (N. S.) 1059, 85 Pac. 153].) The parties have stipulated that these three appeals may be considered together. We will first take up the matter of the voluntary payment.

The averments upon which the right of the plaintiff to relief on account of the payment of the mortgage referred to depends, appear only in the supplemental complaint and relate to things done by the court and the parties after the first trial. The supplemental complaint alleged that, at the time the action was begun, the lot was subject to a mortgage for five thousand dollars to the Mechanics' Building and Loan Association; that a suit to foreclose the same was begun on October 24, 1907, that on or about May 18, 1908, the plaintiff tendered and deposited in court with the clerk $6,988.99 to cover the amount which might be decreed by the court to be due from plaintiff as a compliance with the agreement of sale sought by her to be enforced; that on May 19, 1908, the court made an interlocutory decree in the cause directing that the plaintiff should pay over to the clerk $6,082.50 and the interest accrued on said mortgage; that on May 29, 1908, the court made a finding that the sum due for performance of the agreement by plaintiff was $6,842.34; that on July 14, 1908, the defendant having failed to make the deed as required by the final decree, the clerk executed a deed for the lot, purport-

ing to convey it to the plaintiff, for the defendants; that on August 6, 1908, pursuant to the final decree and the supplemental order of the court made on August 5, 1908, the treasurer of the city and county paid out of the moneys so deposited in court, $5,707.17 in satisfaction of said mortgage debt, with costs and fees. The prayer was that plaintiff be reimbursed for these payments and be subrogated to the rights of the mortgagee, in case she should not obtain a conveyance of the lot, and for such other relief as should be just and equitable.

The answer to this supplemental complaint made no effectual denial of the allegations, except that it denied that the money was paid "pursuant to" the final decree, or "pursuant to" the order of August 5, 1908, "or otherwise than pursuant to and by virtue of the procurement and inducement of the plaintiff herein and by and with the knowledge and consent and upon the advice of said plaintiff."

The findings of the court with respect to the matters appearing in the supplemental complaint state that "all of the denials and allegations contained in the answer of the defendants to said supplemental complaint" are true. This we consider a good finding of the fact that the money paid by the treasurer in satisfaction of the mortgage claim was paid with the consent of plaintiff and at her request, and not "pursuant to" the aforesaid final decree, or the order of August 5, 1908. It appears that it was upon this fact that the court based its conclusion, implied from its final decree, that the payment was voluntary and entitled the plaintiff to no relief. The order granting the new trial was avowedly made because the court, upon further reflection, changed its mind upon this point and concluded that the evidence did not sustain that portion of the decision. The order, in effect, grants a new trial because the evidence does not sustain the findings respecting the supplemental complaint. The undisputed evidence, coupled with the facts appearing in the record of the case itself, shows that the court below was correct in making the order upon this ground. These facts may be briefly stated.

The original complaint was for the specific performance of an agreement, alleged to have been executed in writing by Laura J. E. Mills, whereby she agreed to sell a lot in San Francisco to Charles W. Reed, the original plaintiff. In effect, as alleged, it was an agreement by Mrs. Mills to sell the property to Reed, at the price of six thousand one hundred

and fifty dollars of which one thousand one hundred and fifty dollars was to be paid in cash and the remaining five thousand dollars on a mortgage upon the lot to the Mechanics Building and Loan Association. The agreement set forth recited the payment of one hundred and fifty dollars as a deposit on the price. Upon the first trial, the court below, on May 16, 1908, made and filed findings and conclusions of law declaring that the parties were entitled to a certain interlocutory decree, which was set forth in form and in full in the conclusions of law. This proposed decree provided that the defendants should forthwith deposit with the clerk a deed purporting to convey the lot to plaintiff, that the plaintiff should forthwith pay over to the clerk $6,082.50 and a sum equal to the accrued interest on the mortgage, that thereupon the clerk should deliver such deed to the plaintiff and pay out the money as set forth therein, including the payment of said mortgage; that if the plaintiff paid over the money and defendant failed to execute the deed, final judgment thereupon should be given for the plaintiff enforcing the agreement sued on; but that if plaintiff failed to pay over the money to the clerk, final judgment should go for the defendants. On May 18, 1908, the plaintiff paid over to the clerk $6,988.99 to cover any sums the court might require her to pay in performance of the agreement. On May 29, 1908, the court made additional findings and rendered a final judgment thereon, which was entered on June 9, 1908. These findings stated, in effect, that on May 18, 1908, the plaintiff had paid into court, as a tender, said sum of $6,988.99, and that at that date there was due from the plaintiff on the agreement of sale, the sum of $6,842.34. The final judgment was that if defendant failed to execute the required deed the clerk should execute it for her, that out of the money so paid into court the clerk should pay the said mortgage, and certain other small sums specified, and that the remainder should be paid to the defendant. On August 5, 1908, upon the *ex parte* motion of the plaintiff, the court ordered the treasurer to pay in satisfaction of said mortgage, the sum of $5,707.17, in the manner stated in the supplemental complaint. The money was paid in pursuance of this order, with the consent of the plaintiff and at her request. The transcript contains a stipulation that the copy of the notice of appeal from the first judgment, set forth in the present transcript, is a correct

copy. The notice itself, probably by inadvertence, does not appear in the record. The record filed in this court on the appeal from the first judgment shows that it was taken on December 1, 1908, nearly four months after the payment of said mortgage. We need not determine whether or not we can take judicial notice of the time of the filing of the notice of the former appeal, in the absence of proof, for we are of the opinion that it was for the defendant to show that that appeal was taken before such payment was made, if such was the fact, and that in the absence of proof we should assume that it was taken afterwards. We will not presume that the court below would enforce its judgment after an appeal had been taken therefrom.

Upon these facts, we are of the opinion that the plaintiff is entitled to relief on account of the payment of said mortgage out of the money deposited in court, if it shall be finally determined that she is not entitled to specific performance. The allegation that the payment was made pursuant to the orders and decree of the court is true, and the finding to the contrary is without support in the evidence. The payment was made in good faith for the purpose of complying with the judgment given by the court and with the agreement which that judgment purported to enforce. The plaintiff cannot justly be made to suffer loss by such compliance and it would be inequitable to allow the defendants to profit by a successful appeal taken after the plaintiff, relying on that judgment, had complied with its terms by paying money on the defendant's debt which the plaintiff was otherwise under no obligation to pay.

We are also of the opinion that the court has power, under such a supplemental complaint, to declare that the plaintiff shall be subrogated to the lien of the mortgage and to enforce such lien in her favor by an appropriate judgment in the action, in case it should conclude that the plaintiff was not entitled to enforce the alleged agreement of sale. The matters upon which the supplemental complaint were based all took place in the course of the proceedings in the main case and in pursuance of the orders and judgment made by the court. The acts of the plaintiff were both authorized and required by the court itself and when the matter was regularly brought to its notice before final judgment, the court could and should, in justice, give appropriate relief in the action

in which the payments were made, in order, so far as it is able to do so, to restore to plaintiff the money she had paid for the defendants in pursuance of its own erroneous judgment. For these reasons, we hold that, so far as the matters presented by the supplemental complaint are concerned, the new trial was properly granted.

The questions arising upon the merits of the case do not require extended consideration. The granting of a new trial because of the insufficiency of the evidence to sustain the findings relating to the supplemental complaint did not make it necessary to retry the entire case. The order expressly declares that with respect to the sufficiency of the evidence to sustain the allegations of the third amended complaint the new trial is denied. In effect, this appears to be equivalent to an order granting a new trial upon the supplemental complaint and refusing it, so far as the facts are concerned, upon the merits of the case of the plaintiff. Whether this is its correct interpretation or not is immaterial, for this court has power to modify the order as it may deem proper, and the appeal of the defendants from the entire order enables us to review the case and determine whether the order should be granted in whole or in part.

It is not claimed by either party that there was any substantial error of law occurring at the trial with relation to the main case. Upon an examination of the evidence, we find that the court was correct in its conclusion that the evidence supported the findings upon the main case. The evidence offered by the plaintiff in support of her action for a specific performance, giving it the most favorable construction, was not either clear or satisfactory, but whether sufficient or not to sustain plaintiff's action, we need not determine, for the findings for defendants are fully supported by the evidence of the defendant Laura J. E. Mills. The third amended complaint consists of two counts each of which purported to state a cause of action for specific performance of the agreement that was the subject of the original complaint in the action; the first count declaring upon it as a partly performed oral agreement, the second attempted to set forth facts which it is claimed operate to estop the defendants from denying the execution of the agreement. The agreement which the plaintiff seeks to enforce is in the form of a receipt given by Center & Spader to C. W. Reed, the original plaintiff,

purporting to state the terms of the agreement to sell the lot, and signed "Center & Spader, by C. N. Gompertz, Agents." Reed also signed an appended agreement to buy the property upon the terms stated. The agreement did not disclose the fact that Mrs. Mills was the owner of the property, nor the fact that Center & Spader were not the owners thereof. It did not mention the name of Mrs. Mills. According to the testimony of Mrs. Mills, the only authority she gave to either of the parties named in the agreement consisted of a letter written by her to Gompertz asking him "to try and find a purchaser for the property," and informing him that he could obtain the key to the house at Surryhine's office if he desired to show it to a purchaser. About this time she went to Arizona. Prior to the giving of the receipt to Reed, Gompertz sent a telegram to Mrs. Mills as follows: "Have sold house, $6,150. Wire confirmation." Upon receiving this telegram she caused a telegram to be sent in her name by the telegraph company to Gompertz in these words: "Terms satisfactory." She gave no other authority to any one to sell the property and received no further communications from Gompertz or from any other person regarding the terms of sale. The receipt to Reed was given on April 9, 1906. In July, 1906, she received a letter from Gompertz stating, "The man who bought your house is not in a position to fill on his contract, but is willing to rent the house for six months at $50 per month." To this she made no answer. She was not informed of the terms of the agreement, otherwise than as above stated, nor that any one had taken possession of the house in pursuance of the agreement, nor did she receive any other information concerning the matter until she returned to San Francisco in October, 1906, when she was informed that the house was occupied by Reed and that he claimed to be a purchaser. She immediately repudiated the attempted sale and on October 30th of that year Reed began the action to enforce specific performance.

This evidence was sufficient to prove that there was neither a valid written memorandum of the alleged agreement of sale authorized or executed by Mrs. Mills, nor a sufficient part performance of an oral agreement to justify a decree for specific performance thereof under the rules in equity. The letter of Mrs. Mills to Gompertz merely authorized him to try to find a purchaser of the property. It did not purport

to authorize him to execute any agreement for the sale thereof in her name or on her behalf. The telegram she sent from Arizona, approving the price offered, was communicated by her to the telegraph office over the telephone. Conceding that it is to be considered as having been signed by her, the two telegrams do not constitute sufficient evidence of an agreement to sell. "The memorandum must contain all the material elements of the contract; that is, it must show who is the seller and who is the buyer, what the price is and when it is to be paid, and must so describe the land that it can be identified." (*Breckenridge* v. *Crocker,* 78 Cal. 535, [21 Pac. 181] ; *Meux* v. *Hogue,* 91 Cal. 448, [27 Pac. 744].) The writings, taken together, do not give the name of the purchaser, do not describe the property, and do not state any of the terms of sale except the price agreed upon. They state neither the time, the terms nor the manner of payment. None of those things was ever communicated to Mrs. Mills. Her telegram approving the price cannot be deemed an affirmance of the entire contract and it did not operate to make valid the oral agreement of the persons assuming to act in her behalf. The evidence is equally insufficient to support an action for specific performance of a partly performed oral agreement. To justify such specific performance, the acts done in part performance must have been done "in pursuance of the contract, and with the design of carrying the same into execution; and must be done with the consent and knowledge of the other party." (*Foster* v. *Maginnis,* 89 Cal. 267, [26 Pac. 829].) Here, upon the evidence, it does not appear that the possession of Reed was known to Mrs. Mills or that he took such possession with her knowledge or consent, express or implied. On the contrary she was entirely ignorant thereof and repudiated his pretended right as soon as she was informed of his possession.

It is further claimed by the plaintiff that a new trial of the entire case is necessary and that on her appeal from the judgment it must be reversed, because of the absence of valid findings on material allegations in issue. We think this claim is untenable. It is based on the theory that the finding that all of the allegations of the third amended complaint, " in so far as such allegations are controverted by the answer of the defendants thereto," are untrue, is wholly insufficient because, as it is claimed, it cannot be ascertained which of the various allegations of the complaint the court believed to have been

controverted by the answer. We do not concede this theory
to be correct but we find it unnecessary to determine the ques-
tion. Other findings are clearly sufficient. The findings pro-
ceed to declare "that all of the denials and allegations con-
tained in the answer of the defendants to said third amended
complaint are, and that each and every of them is, supported
by the evidence and true." This is an unusual form of ex-
pression, but its meaning is clear and unequivocal. If the
denials are true, the allegations denied must be untrue. The
statement is therefore equivalent to a finding that each allega-
tion of the third amended complaint is untrue, a form of find-
ing which has always been held sufficient (*McEwen* v. *John-
son,* 7 Cal. 260; *Moore* v. *Clear Lake,* 68 Cal. 151, [8 Pac.
816]). There are many other cases of like effect.

The finding last referred to is followed by the qualifying
statement that the "court makes no finding with respect to the
allegations, or any of them," of said answer under the head-
ing "Further answering (A)" or with respect to the allega-
tions of the third and fourth separate defenses. This qualifi-
cation, however, does not affect the case. The facts stated in
portions of the answer referred to in the qualification are
immaterial, in view of the findings and evidence showing that
there was no contract to be enforced. The paragraph denomi-
nated "Further answering (A)" merely alleged that the lot,
at the time of the alleged sale, was worth two thousand three
hundred and fifty dollars more than the price Reed was to pay.
Inasmuch as there was no contract, it became unnecessary to
find whether or not the contract claimed to have been made
was fair or just. It was to this issue alone that this part of
the answer related. The third and fourth separate defenses
pleaded the statute of limitations, but were based wholly upon
the theory that the cause of action stated in the third amended
complaint was not the same as that stated in the original com-
plaint, and that the filing of the last amended complaint was
the beginning of a new action. There was no foundation for
this theory; there was no new cause of action, and it was un-
necessary to find upon these defenses. (*Fogg* v. *Perris Irr.
Dist.,* 154 Cal. 219, [97 Pac. 316].)

For these reasons we think the court below should have lim-
ited its order for a new trial to the matters presented by the
supplemental complaint and the answer thereto, and that it
was correct in denying the new trial so far as the merits of

the case of the plaintiff for specific performance is concerned. The order granting a new trial operated to vacate the judgment provisionally, in the event that the order should be sustained on appeal. In the existing circumstances, we think the judgment should stand vacated in order that the court below, upon the going down of the *remittitur,* may proceed to a retrial of the issues arising upon the supplemental complaint and after determining the rights of the plaintiff thereunder may proceed to enter an appropriate judgment for the relief therein claimed, simultaneously with a re-entry of the judgment denying the plaintiff's case for specific performance, that the new trial shall not embrace a retrial of the issues arising upon the third amended complaint, but, that the findings already made shall stand as the final decision thereon.

It is ordered that the order granting the new trial be affirmed so far as it orders a new trial of the issues presented by the supplemental complaint, that such order be reversed, in so far as it applies to the issues and findings upon the third amended complaint, that the judgment below be set aside and that the cause be remanded for a new trial of the matters presented by the supplemental complaint and for a final judgment upon the whole case in accordance with this opinion.

Sloss, J., Melvin, J., Lorigan, J., Henshaw, J., Lawlor, J., and Angellotti, C. J., concurred.

Rehearing denied.