[Civ. No. 1826.   Second Appellate District.—May 15, 1917.]

EDGAR BROS. COMPANY (a Corporation), Respondent, v. SCHMEISER MANUFACTURING COMPANY (a Corporation), Appellant.

CONTRACT—AGENCY FOR SALE OF MANUFACTURED ARTICLES—INCOMPLETE CONTRACT—PAROL EVIDENCE INADMISSIBLE.—In an action to recover commissions on the sales within certain territory of various articles manufactured by the defendant, based upon a purported agency contract placed at the bottom of an "order ticket," which, omitting signatures, was in the following language: "To have exclusive agency in Imperial Valley for 1912 and by ordering one car before Feb. 1st, 1913, can have the agency for same season," it is error to admit parol evidence of the missing terms of the agency.

ID.—CONTRACT NOT PERFORMABLE WITHIN YEAR—STATUTE OF FRAUDS.— Such a contract is within the statute of frauds as one not to be performed within a year, where it was shown by testimony of witnesses that the term "season," as used in the contract, expired in the month of October.

APPEAL from a judgment of the Superior Court of Imperial County.    Franklin J. Cole, Judge.

The facts are stated in the opinion of the court.

A. G. Bailey, and Phil D. Swing, for Appellant.

McPherrin & Nichols, for Respondent.

WORKS, J., *pro tem.*—This is an appeal from the judgment.

The respondent claims to have been an exclusive agent of appellant for the year 1913, the agency pertaining to the sale within certain territory of manufactured articles which were the output of appellant.    The action was commenced to recover commissions on various of such articles sold in the territory during the year by the Schmeiser Company itself, and the Edgar Bros. Company had judgment for the amount of those commissions.

The agency contract was placed at the bottom of an "order ticket," showing a list of articles ordered by the Edgar concern from the Schmeiser Company, and was, omitting the signatures, as follows:

"To have exclusive agency in Imperial Valley for 1912 and by ordering one car before Feb. 1st, 1913, can have the agency for same season."

The appellant contends that the agreement was inoperative for uncertainty and incompleteness and the claim must be sustained.    The paper is so lacking in the terms going to make a workable contract of agency that it is unnecessary for us to specify them.

A considerable amount of oral evidence was offered in an endeavor to supply the missing members, and it was received by the trial court in the face of objections by the appellant.    The evidence was improperly admitted.    Conceding that the expression "one car" and the word "season" called for explanation, there was nothing further in the paper which required the aid of parol evidence.    The terms of the agency were neither uncertain nor ambiguous—they were simply missing.

The testimony of witnesses showed that the "season" of 1913, as that term is used in the agreement, expired about October.    The contract was entered into during April, 1912.

It was, then, not to be performed within a year, and was therefore within the statute of frauds.   (Civ. Code, sec. 1624, subd. 1; *Wickson* v. *Monarch Cycle Mfg. Co.,* 128 Cal. 156, [79 Am. St. Rep. 36, 60 Pac. 764].)   For the reasons given above, it was an insufficient memorandum under the statute.

It is not necessary to consider other points which are urged by the appellant.

The judgment is reversed.

Conrey, P. J., and James, J., concurred.