[Civ. No. 3935. Third Appellate District.—September 17, 1930.]

VIRGEL GORDON, Respondent, v. S. J. PERKINS, Appellant.

Conley, Conley & Conley and Lee D. Wingrem for Appellant.

John J. Coghlan for Respondent.

MR. JUSTICE PLUMMER DELIVERED THE OPINION OF THE COURT.—The respondent had judgment against the appellant for the sum of $2,500 on account of damages alleged to have been suffered by the respondent by reason of the failure of the appellant to convey lands and premises in

pursuance of a certain instrument in writing, in words and figures as follows, to wit:

"Madera, California, December 31st, 1924.

"Mr. Virgel Gordon,

"Madera, California.

"Dear Sir:

"In the event that I purchase that certain property described as N. E. ¼ of N. E. ¼ of Section 35, 11/17 at the Commissioner's sale, I agree to assign the commissioner's certificate upon payment of $5000.00 cash and your note for $5000.00 payable 1 year after date with interest at 7%, payable semi-annually.

"In the event that I do not purchase this property, and that one of the defendants comes in and buys it for the total amount of principal, interest, costs, etc., then this offer is to be of no further force and effect.

"As soon as the sale is made, you can deposit the $5000.00 and your note with the Security Title Insurance and Guarantee Company of Madera and I will furnish you with the proper assignment of the Commissioner's certificate.

"Yours truly,

"S. J. PERKINS."

The complaint alleges that the respondent and appellant entered into an agreement by which the respondent was to purchase, and the appellant was to sell, forty acres of land in Madera County, described as the northeast quarter of the northeast quarter of section 35, township 11 south, range 17 east, according to the terms and conditions of a certain memorandum of agreement; being the writing set forth herein. The complaint further alleges that after the execution of the writing herein set forth, the appellant, for the purpose of avoiding the terms and conditions of said writing, contracted to sell said property to one Giovanni Oberti at a higher price, and that in pursuance thereof, at a commissioner's sale of said property which was thereafter made, said Oberti purchased said property at the commissioner's sale for the sum of $12,500. The language of the complaint is: "That said sale was nominally made to one G. Oberti, but was in fact made to said defendant, S. J. Perkins, who had said Giovanni Oberti make the bid in order to attempt to release himself from the contract with plaintiff." The complaint further alleged: "That re-

spondent had been, at all times mentioned, and was at the date of the filing of the complaint, ready, able and willing to perform all of the terms of the contract to be performed by him, and had performed all the conditions of said contract to be performed, prior to the assignment of the commissioner's certificate, as provided for in said contract of said defendant.'' There is no specific allegation in the complaint that the respondent had ever deposited the $5,000 as mentioned in the writing; nor is there any specific allegation in the complaint that respondent ever executed the note therein mentioned; nor is there any allegation in the complaint that the $5,000 and note mentioned in the writing were tendered to the appellant; or that any sum or note was tendered to the appellant prior to the beginning of this action; or that any such sum of money or note was tendered to the appellant prior to the time when the property mentioned in the complaint was conveyed to Giovanni Oberti.

While the complaint alleges that an agreement was entered into for the sale of certain real property (describing the same), according to the conditions set forth in a certain memorandum in writing, the liability and rights of the parties to this action must be measured by the instrument in writing. To the respondent's complaint the appellant interposed a demurrer, setting forth, among other specifications, that the complaint does not state facts sufficient to constitute a cause of action. Appellant's demurrer was overruled, and the appellant filed an answer admitting the execution of the instrument in writing, but denying that the appellant ever agreed to sell the property described in the first paragraph of respondent's complaint. The answer also sets forth that the writing set forth in plaintiff's complaint does not conform to the requirements of subdivision 5 of section 1624 of the Civil Code, nor to subdivision 5 of section 1973 of the Code of Civil Procedure. The answer also denies all the other allegations contained in the complaint, and by way of a further defense, alleges that the writing set forth in respondent's complaint was a mere offer without consideration, and was withdrawn prior to the respondent complying with, or stating compliance with, any of the terms of the offer.

Upon this appeal three grounds are advanced for reversal: First, that the writing set forth in the plaintiff's complaint is void by reason of the fact that it does not conform to the requirements of subdivision 5 of section 1624 of the Civil Code. Second, that if the writing amounted to an offer, being without consideration, could be withdrawn at any time before acceptance, and that it was so withdrawn. Third, that the appellant never agreed to buy the property; and that the allegations of the complaint are not sufficient to sustain the charge of any fraudulent act on the part of the appellant; nor does the testimony introduced in support of the complaint establish any fraudulent conduct on the part of the appellant. If the first ground for reversal presented for our consideration is sufficient the entire alleged cause of action necessarily falls.

The description of the real property set forth in the writing herein is as follows: "Northeast Quarter of Northeast Quarter of Section 35, 11/17." No county or state is mentioned. There is no designation of the township, nor is there any description of the range. If the figure "11" be construed as referring to a township, there still remains to be supplied the identification or statement of whether it is north or south. Likewise, if the figure "17" be construed to mean "range", it is still wanting in the description as to whether it is east or west, and of what meridian. Nor is there anything in the writing which designated any tract of land by naming or setting forth any particulars constituting a description from which a surveyor might take the description and apply it to the earth's surface. It is evident that "Northeast quarter of Northeast Quarter of Section 35, 11/17" does not describe or point out any particular portion of the earth's surface, or furnish sufficient data so that a surveyor could go with certainty to any particular forty acres of land and apply the description thereto.

In 27 C. J., page 270, section 321, the rule relating to the requirement of the subdivision of section 1624 of the Civil Code is thus stated: "One of the essential elements of a contract for the sale and conveyance of real property, which must be stated in the contract, or a memorandum or note thereof, is a description of the property to be conveyed. The land must be so described that it can be iden-

tified with reasonable certainty. The writing must disclose a description which is itself definite and certain, or it must furnish the means or key by which a description may be made certain and identified with its location on the ground. In other words, the contract, note or memorandum is insufficient where parol evidence is necessary to supply the description, or part thereof, to determine and define the subject matter, and to show the intention and agreement of the parties as to the subject matter; and it is sufficient, as regards subject matter, where it furnishes a sufficient foundation for the admission of extrinsic evidence to apply the description and by means of such evidence the particular tract of land which is the subject matter of the agreement may be identified and located to the exclusion of all others.'' Here, as we have said, the writing furnishes no key. An insufficient description of the land is set forth, or rather, no description of any particular tract of land is set forth. The writing can be made definite as to the description only by parol evidence showing the county and state and township and range which, under the rule just stated, fails to comply with the requirements of the section. In the same volume of C. J., page 383, the rule is further stated: ''Parol evidence is admissible for the purpose of supplying the description in the memorandum, and thus identifying the subject matter of the contract. . . . But parol evidence is not admissible to supply a description of the subject matter.'' Again, on page 273 of the same volume, we find the rule further elaborated, to wit: ''An omission of the county, state, and city, town or village wherein the property is located renders the writing insufficient where it contains nothing from which the omitted statement may be inferred and extrinsic evidence is necessary for the purpose of supplying, as distinguished from applying, the description.'' Other facts may be stated which would be sufficient to obviate the defect in the description, but in the writing which we are considering, no other references are made by name of the property or boundaries of adjoining lands from which the real estate referred to can be definitely ascertained.

The respondent's reply to the appellant's argument that the memorandum is insufficient to comply with the code provisions is that only a memorandum is required; that the

agreement for the sale of the land may be oral, and in this case an oral agreement was entered into, and thereafter, a memorandum in writing, and that as the oral agreement was complete, any failure of the memorandum in writing to comply with subdivision 5 of section 1624 of the Civil Code is immaterial. In *Cornett* v. *Clere,* 193 Ky. 590 [22 A. L. R. 720, 236 S. W. 1036], the Supreme Court of Kentucky, considering the contention as to the supplying of the memorandum by parol evidence, uses the following language: ''The memorandum required by the statute must be sufficient to enable the chancellor, without the aid of parol evidence, to decree specific performance.'' And then quotes from Ruling Case Law as follows: ''In 25 R. C. L., page 649, the text is: 'It is well settled that the memorandum, in case of a contract to sell land, must describe the lands sold. If an insufficient description is given, or there is no description, oral evidence is not admissible in the aid of a memorandum, because the court will never receive such evidence both to describe the land and then to apply the description.' This is the general rule and is sustained by the decisions of courts of last resort throughout the country.'' (Citing *Roberts* v. *Bennett,* 166 Ky. 588 [L. R. A. 1916C, 1098, 179 S. W. 605]; *Hall* v. *Cotton,* 167 Ky. 464 [L. R. A. 1916C, 1124, 180 S. W. 779]. See, also, cases cited in 25 R. C. L. page 650, the number of which is so great as to preclude setting them forth herein. See, also, 12 Cal. Jur., p. 911.)

In 23 California Jurisprudence, page 435, the rule as to the description of property in the writing is further elucidated as follows: ''Real property which is the subject of an agreement must, in the very nature of the case, be so described therein that it may be readily identified. A party seeking performance of a contract to convey is entitled only to a decree for the identical property agreed to be sold. In other words, the court must be definitely made to know the precise property involved. A description of a tract simply by its name may, however, be sufficient if the boundaries are known and well defined. It is to be remembered that 'that is certain which can be made certain'. So if the description of land contained in a contract is indefinite, extrinsic evidence under appropriate pleadings is admissible to identify the property intended, that is, to apply the

description contained in the contract 'to that part of the surface of the earth which is the subject matter of the agreement'.'' This rule is applied when the description given or the references in a writing are sufficient, by aid of extrinsic evidence, to apply the description to that portion of the earth's surface intended to be the subject matter of the agreement, but not to supply the necessary description and then apply the description supplied by parol evidence to a particular portion of the earth's surface.

In the case of *Allen* v. *Stellar et al.*, 106 Cal. App. 67 [288 Pac. 855], this court had under consideration a writing containing the following: ''When I have procured deed to the west ½ of Lot 17, Tract 1000, from Richard W. Koehler et ux., I hereby agree to sign,'' etc. The court said: ''There is no allegation in the complaint that Richard W. Koehler et ux., owned any particular tract of land, and without such allegation showing what tract of land Richard W. Koehler et ux. owned, the writing was insufficient to state a cause of action.'' A good illustration of where a defective description may be aided by a reference in the writing to a name or designation of the tract, is that found in the case of *Eaton* v. *Wilkins*, 163 Cal. 742 [127 Pac. 71], where the land was referred to as the ''Wilkins Home Place''. The description was defective, and the complaint failed to set forth that the Wilkins Home Place was the name of a particular tract or parcel of land, and not having so applied the name given, it was held that the complaint did not state a cause of action. In the case at bar the writing under consideration, as we have pointed out, contains no such name or designation or reference identifying the premises intended, or which can be aided by allegations in the complaint showing that the name or designation used in the writing is that of a particular parcel of land or portion of the earth's surface.

In answer to the respondent's contention as to the sufficiency of oral testimony to constitute the contract, the text in 27 C. J., page 267, is sufficient. It reads: ''To be sufficient as a note or memorandum under the statute of frauds, a writing must be complete in itself, leaving nothing to rest in parol. The entire agreement must be expressed in the writing. The contract cannot rest partly in writing and

partly in parol. The general rule that a contract which is not entirely in writing is to be treated as a parol or verbal contract, is applicable in determining whether the contract is within the inhibition of the statute of frauds. The memorandum must contain all the essential elements or material parts of the contract. . . . The memorandum required by the statute of frauds must show the subject matter of the agreement and so describe it as to render it capable of certain identification.'' If, in this case, as contended by the respondent, a complete oral agreement was entered into, it does not obviate the objection that subdivision 5 of section 1624 of the Civil Code has not been complied with, and that under its terms the writing is void.

The authorities which we have cited deal with actions for special performance where the sufficiency or insufficiency of the description of the property was involved. This is an action for damages, but we see no escape from the conclusion that if no cause of action for specific performance exists by reason of the insufficiency of the writing relied upon, then, and in that case, no cause of action for damages can be based thereon. If the party seeking damages has no valid writing, or, in other words, valid claim to the premises alleged to be involved, it is evident that he has nothing upon which to base an action for damages. Without a prior legal right to the premises, no injury can arise where no rights are violated. There may be cases where specific performance would be denied, on the grounds of a change of conditions or circumstances, so as to render specific performance inequitable, but that rule cannot be applied where the writing relied upon is in itself insufficient to sustain a cause of action for specific performance. If the rule were otherwise, and that an action for damages could be maintained where the insufficiency of the description was such that specific performance would not be decreed, the code provision itself would be rendered meaningless. However, this question has been decided by the Supreme Court in the case of *Breckenridge* v. *Crocker*, 78 Cal. 529 [21 Pac. 179]. There the action was one for damages and it was held that the action could not be maintained by reason of the insufficiency of the description of the property attempted to be described in the alleged agreement.

As what we have said involves and determines the very basis of the alleged right of action herein, there seems no necessity for further discussion.

The judgment is reversed.

A petition for a rehearing of this cause was denied by the District Court of Appeal on October 17, 1930, and a petition by respondent to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on November 13, 1930.

Seawell, J., dissented.