[Civ. No. 22886.   Second Dist., Div. One.   May 7, 1958.]

E. F. BURGE, Plaintiff and Appellant, v. NORVAL KRUG, Defendant and Appellant.

Aaron Sapiro and Charles M. Arak for Plaintiff and Appellant.

Hastings, Blanchard & Hastings for Defendant and Appellant.

LILLIE, J.—Appeals have been taken by both parties from a $1,200 judgment in favor of plaintiff entered against defendant in an action for a breach of contract to convey real

property. The defendant appeals on the ground that the purported agreement for the sale of real property is invalid under the statute of frauds and is unenforceable.

The basis of plaintiff's appeal is inadequacy of damages. Both are taken upon the clerk's transcript only. The facts are not in dispute.

E. F. Burge, plaintiff, entered into a written contract entitled "Escrow Instructions" with defendant Norval Krug to buy certain real property described therein as "Lot 7, Block 10 of Crescenta Canada Tract." The defendant failed to convey the property under the agreement and plaintiff filed suit against him for declaratory relief and damages.

At the trial plaintiff amended his complaint by interlineation to eliminate his claim for declaratory relief leaving only a simple action for damages for breach of contract. The action was tried on that theory before the court sitting without a jury. The trial judge, among others, made the following findings: "That the legal description of the parcel of real property contained in the written agreement between the parties is unintelligible and does not describe any identifiable parcel of real estate." The court further found that the parties intended to contract with respect to a particular parcel of land not described in the written contract, that defendant breached the contract to convey it and that plaintiff was entitled to damages in the sum of $1,200. In awarding this amount the court found: "That the plaintiff has properly incurred expenses in preparing to enter upon the land described in Paragraph IV of these Findings in a total amount of $1,200.00." Both plaintiff and defendant filed a motion for new trial. They were denied and both parties appeal from the judgment.

The defendant on appeal presents a single question of law: Does the statute of frauds preclude recovery for breach of a written contract to convey real property in which the description is unintelligible and does not describe either the lands which the parties intended to convey or any other identifiable parcel?

The parcel of land in question is described in the contract as "Lot 7, Block 10 of Crescenta Canada Tract." It was more specifically identified in oral testimony rendered at the trial. Although this court does not know of what this testimony consisted, it appears to make little difference for the basic question is whether parol evidence can be resorted to for the purpose of supplying a description of real property

inadequately described in the contract of sale. With nothing in the record to the contrary we assume that it was upon this oral evidence that the court found the parties intended to contract with respect to a parcel of land which was not described in the written contract. There is no explanation before this court for the reference to "Block 10" in the contract for it is generally conceded by the parties in their briefs that "10" is an erroneous designation. It is not too clear from the record but it appears that the description should have referred to Block "00" and not "10." With no evidence to the contrary we believe that "Block 10" mentioned in the agreement is in all probability nonexistent for the trial court found not only that the legal description using it is unintelligible but does not describe any identifiable piece of real estate. Patent in the court's findings is the trial judge's determination that, standing alone, the description is so insufficient and inadequate as to preclude an enforcement of the contract and that if recovery is to be had it must be through the use of oral testimony to show that the parties intended to contract with reference to an entirely different parcel of land.

Plaintiff seeks to forestall this court's consideration of the use of the oral testimony to identify the property involved by asserting that defendant is precluded from raising the issue because of his implied admission in the answer that the property described in the contract is the same as that properly and more fully described in the pleadings and that actually further identification of the property by way of oral testimony was not necessary. An accurate analysis of the pleadings disposes of this contention as being without merit.

Plaintiff's amended complaint originally sought declaratory relief as well as damages for breach of contract. He alleged in paragraph II thereof "That real property in connection with which plaintiff asks a declaration of his rights, is described as: Lot 7, Block 10 of the Crescenta Canada Tract, and is also known as 'That 10 acres on the southeast corner of Lowell and Carlotta, La Canada, California.'" Plaintiff seeks to rely on this description to properly identify the property mentioned in the contract. However, no other description is set out in the complaint except that which appears in the document in question and which is attached as an exhibit thereto. This description reads: "Lot 7, Block 10 of Crescenta Canada Tract."

In the first part of the prayer of the complaint plaintiff sought declaratory relief. In the second he prayed for damages equal to the profits that plaintiff would have realized had defendant conveyed "said real property to plaintiff in accordance with the Escrow Agreement."

In his answer defendant did not plead specifically to the allegation contained in paragraph II of the complaint, which in effect constitutes an implied admission that plaintiff seeks a declaration of his rights to property described as Lot 7, Block 10 of the Crescenta Canada Tract, also known as the 10 acres of the southeast corner of Lowell and Carlotta, La Canada, California. This is as far as defendant's admission goes. Certainly this is no admission that the described property is the same as that mentioned in the contract or constitutes the basis of litigation in the action for damages. This is particularly clear when the remaining paragraphs of the answer are analyzed. Therein defendant denied each allegation of every subsequent paragraph in the complaint in which plaintiff sought to set forth the basis of his claim for damages or to connect this piece of land with the alleged contract. In addition, defendant specifically denied paragraph V of the complaint wherein plaintiff alleged that a written agreement was executed to purchase the "within described property." All other allegations contained in the complaint were denied by defendant. However, in his affirmative defense defendant alleged that he owned an interest in certain real property described at great length in the answer and bearing little similarity to that described in the written document in question and that through a real estate broker he had dealings with the plaintiff which had not resulted in a written contract of sale. The more complete description set out in paragraph II of the complaint, and on which plaintiff would like to rely, is of little help to him, first, because merely pleading a recital of his position cannot supply the legal deficiencies in the proof of plaintiff's case and, second, whatever implied admission resulted from defendant's failure to plead to the allegations of paragraph II referred only to the property about which plaintiff sought a declaration of his rights. The defendant's answer denied the existence of any transaction between the parties relating to the property described in paragraph II. Furthermore, if plaintiff is to recover upon a contract, the contract itself must furnish the basis for the claim.

In the case of *Gordon* v. *Perkins,* 108 Cal.App. 336 [291

P. 644] the complaint set forth the property in question as 40 acres of land in Madera County and described as the northeast quarter of the northeast quarter of section 35— Township 11 South, Range 17 East. The written memorandum agreement described the property only as "N.E.¼ of N.E.¼ of Section 35, 11/17." Appellant sought to substitute the more complete description alleged in the complaint for the one set out in the writing. The court said, at page 338, "While the complaint alleges that an agreement was entered into for the sale of certain real property (describing the same), according to the conditions set forth in a certain memorandum in writing, the liability and rights of the parties to this action must be measured by the instrument in writing."

In any event, before the trial the plaintiff's complaint was amended by interlineation to eliminate the claim for declaratory relief and to substitute therefor a simple action for damages. The allegation in paragraph II on its face was pertinent only to a declaratory relief action. When the amendment occurred and the claim for declaratory relief was abandoned, the paragraph became a nullity and can be considered as having been physically removed from the complaint.

■ One of the most comprehensive discussions concerning the statute of frauds (Civ. Code, § 1624) and the parol evidence rule is found in the case of *Ellis* v. *Klaff*, 96 Cal. App.2d 471 [216 P.2d 15]. Likening the evidentiary consequences of the statute of frauds with those of the parol evidence rule, the court said at page 476: "Both require exclusion of extrinsic evidence which would vary, contradict, or add to the terms of the written agreement under consideration (*Craig* v. *Zelian*, 137 Cal. 105 [69 P. 853], statute of frauds; *Germain Fruit Co.* v. *Armsby Co.*, 153 Cal. 585 [96 P. 319], parol evidence rule), but both permit reception of such evidence to identify the subject matter of the contract from the written description, explain the meaning of ambiguous, abstruse, or technical expressions, and assist in interpreting the expressed intentions of the parties in the light of circumstances existing at the time of execution. (10 Cal. Jur., 'Evidence,' § 186, pp. 916-919; 12 Cal.Jur., 'Statute of Frauds,' § 65, p. 902; *Gibson* v. *De La Salle Institute*, 66 Cal.App.2d 609 [152 P.2d 774]; *Belfour* v. *Fresno C. & Irr. Co.*, 109 Cal. 221, 225 [41 P. 876]; *Von Rohr* v. *Neely*, 76 Cal.App.2d 713 [173 P.2d 828].)"

■ The court in describing the purpose of the statute of frauds continued: "The statute of frauds, on the other

hand, is designed to prevent fraud and perjury by requiring certain contracts to be evidenced exclusively in writing. ▮ In order to effectuate that purpose, it demands that every material term of an agreement within its provisions be reduced to written form, whether the parties desire to do so or not. ▮ To be sufficient, the required writing must be one 'which states *with reasonable certainty,* (a) each party to the contract . . . and (b) the land, goods or other subject-matter to which the contract relates, and (c) *the terms and conditions of all the promises* constituting the contract and by whom and to whom the promises are made.' (Rest., Contracts, § 207. Emphasis added.) ▮ Unless the writing, considered alone, expresses the essential terms with sufficient certainty to constitute an enforceable contract, it fails to meet the demands of the statute. (*Breckinridge* v. *Crocker,* 78 Cal. 529, 535 [21 P. 179]; *Sherwood* v. *Lowell,* 34 Cal.App. 365, 375 [167 P. 554]; *Wineburgh* v. *Gay,* 27 Cal.App. 603 [150 P. 1003]; *Zellner* v. *Wassman,* 184 Cal. 80, 85-86 [193 P. 84]; *Fritz* v. *Mills,* 170 Cal. 449, 458 [150 P. 375]; *Hines* v. *Copeland,* 23 Cal.App. 36 [136 P. 728]; 37 C.J.S., § 195, p. 681. See also *Guardianship of Carlon,* 43 Cal.App.2d 204, 209 [110 P.2d 488].) ▮ Accordingly, where the statute of frauds, rather than the parol evidence rule is invoked, it follows that recovery may not be predicated upon parol proof of material terms omitted from the written memorandum, even though the oral understanding is entirely consistent with, and in no way tends to vary or contradict, the written instrument. (*Friedman* v. *Bergin,* 22 Cal.2d 535 [140 P.2d 1]; *Seymour* v. *Oelrichs,* 156 Cal. 782 [106 P. 88, 134 Am.St.Rep. 154]; *Wristen* v. *Bowles,* 82 Cal. 84 [22 P. 1136]; *Edgar Bros. Co.* v. *Schmeiser Mfg. Co.,* 33 Cal.App. 667 [166 P. 366]; *Baume* v. *Morse,* 13 Cal.App. 456 [110 P. 350]; *Fields* v. *Harris* (Tex. Civ. App.), 294 S.W. 612; *Linebarger* v. *Devine,* 47 Nev. 67 [214 P. 532, 217 P. 1101]; Williston on Contracts, vol. 2, pp. 1619, 1645; 49 Am.Jur., § 322, p. 636.) In the words of the Supreme Court, 'The whole object of the statute would be frustrated if any substantive portion of the agreement could be established by parol evidence.' (*Craig* v. *Zelian, supra,* 137 Cal. 105, 106.)''

The effect of this rule with respect to the specific matter of descriptions of real property has been early established by the Supreme Court in 1902 in the case of *Craig* v. *Zelian, supra.* This case involved an action for damages for a breach of an agreement for conveyance of real property. The

plaintiff appealed from an order granting a nonsuit. The agreement described the realty as follows: "a strip of land in front of Golden Rule Store and Stent Market." The appellant therein contended that this was a sufficient description of the real property to require an enforcement of the contract. ▇ The court stated, at page 105:

"An agreement for the sale of real property must not only be in writing and subscribed by the party to be charged, but the writing must also contain such a description of the property agreed to be sold, either in terms or by reference, that it can be ascertained without resort to parol evidence. ▇ Parol evidence may be resorted to for the purpose of identifying the description contained in the writing with its location upon the ground, but not for the purpose of ascertaining and locating the land about which the parties negotiated and supplying a description thereof which they have omitted from the writing." . . . "The land was not inclosed or in any mode designated upon the ground. How far it is located from the Golden Rule Store, or the width of the 'strip' or its length, is not given, and it must be held that there is no description of the land intended to be conveyed. . . . The statute of frauds was originally enacted 'for the prevention of frauds and perjuries,' and an agreement for the sale of land is required to be in writing in order that this purpose may be accomplished. The whole object of the statute would be frustrated if any substantive portion of the agreement could be established by parol evidence. A description of the land intended to be conveyed is one of the most essential parts of the agreement, and must be contained in the writing."

A situation similar to the one in the instant case is found in *Gordon* v. *Perkins, supra.* The memorandum described the real property as "N.E.¼ of N.E.¼ of Section 35, 11/17." There was nothing in the writing which designated any tract of land by naming or setting forth any description constituting a description from which a surveyor might take the description and apply it to the earth's surface. The court pointed out that a surveyor could not go with certainty to any particular forty acres of land and apply the description thereto. The court, in ruling that the description was defective in the memorandum, in that it was not sufficiently definite to comply with section 1624, subdivision 5 of the Civil Code, stated at page 339: " 'One of the essential elements of a contract for the sale and conveyance of real

property, which must be stated in the contract, or a memorandum or note thereof, is a description of the property to be conveyed. The land must be so described that it can be identified with reasonable certainty. The writing must disclose a description which is itself definite and certain, or it must furnish the means or key by which a description may be made certain and identified with its location on the ground. In other words, the contract, note or memorandum is insufficient where parol evidence is necessary to supply the description, or part thereof, to determine and define the subject matter, and to show the intention and agreement of the parties as to the subject matter; and it is sufficient, as regards subject matter, where it furnishes a sufficient foundation for the admission of extrinsic evidence to apply the description and by means of such evidence the particular tract of land which is the subject matter of the agreement may be identified and located to the exclusion of all others.' ''

Plaintiff herein seeks to sustain the judgment of the lower court on the basis of *Ellis* v. *Klaff, supra.* It is true, as stated by the court in that case, that parol evidence is admissible under some circumstances, such as in a situation in which the land has been adequately described in the contract and it is offered for the purpose of locating on the ground the land described. Obviously this is not the case here because the very finding upon which the plaintiff relies expressly characterizes the description of the real property in the document in question as ''unintelligible'' and not describing ''any identifiable parcel of real estate.'' We agree also that parol evidence may be admissible if the wording in the contract is ambiguous, abstruse or technical but there is no hidden or dual meaning in the language here. In addition, there is little comfort to the plaintiff in the factual situation found in *Ellis* v. *Klaff.* The court there was asked to construe a lease of real property which required lessee to build ''a building or buildings'' thereon. It did not contain any specifications of construction. The court held that though parol evidence may be admissible to cure the ambiguity as to the number of buildings agreed upon it could not, under the statute of frauds, be admissible to supply essentials of a complete agreement which were lacking in the writing which was too vague to be enforceable.

In applying the rule in *Gordon* v. *Perkins, supra,* does the contract itself furnish the means or key by which the description may be made certain and identified with its loca-

tion on the ground? Plaintiff resorts to the following language in the contract which precedes the description: "covering property in the County of Los Angeles, State of California, as per map recorded in Book 7, Page 68, Miscellaneous Records of said county described as follows" then "Lot 7, Block 10 of Crescenta Canada Tract." Plaintiff urges that the key to a more complete description and identification of the property is found in the reference to the book and page of Miscellaneous Records of the Los Angeles County Recorder. His argument overlooks the fact that because of the error in describing the number of the block as "Block 10" it would avail nothing for one to go to Book 7, Page 68, Miscellaneous Records, because it would disclose no Block 10 on the map. If Block 10 is nonexistent or if the numeral "10" is not a correct designation of the block (and it is conceded that it is not) there would be no way to select any portion of the lands appearing on the map. No explanation of this is possible under the pleading in this case and it is only by oral testimony, which we hold is not admissible, that the certain description of the property can be supplied.

In the light of the general rule discussed in *Ellis* v. *Klaff, supra,* and other authorities specifically relating to the descriptions of real property in written memoranda (*Craig* v. *Zelian, supra*; *Gordon* v. *Perkins, supra*) we do not believe that the writing in question, considered alone, describes the subject matter of the contract with sufficient certainty to constitute an enforceable contract and that it fails to meet the demands of the statute of frauds. Recovery in this case may not be predicated upon parol evidence relating to the proper description which was omitted from the contract.

Since the judgment must be reversed and a new trial be had, it becomes unnecessary to discuss the issue presented by plaintiff's appeal as to the inadequacy of damages.

The judgment is reversed and the cause remanded for a new trial. Defendant to recover costs on appeal.

White, P. J., and Fourt, J., concurred.